[S. F. No. 650.  Department Two.—July 8, 1897.]

IN THE MATTER OF THE ESTATE OF ALDEN P. STILL,
DECEASED.  WILLIAM WEBB, ADMINISTRATOR, ETC.,
APPELLANT, *v.* SAMUEL W. STILL ET AL., RE-
SPONDENTS.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE— SETTING APART OF
HOMESTEAD—ALLOWANCE NOT A LIEN — RIGHTS OF MINOR CHILD. —
A family allowance, made before exempt property and the homestead
are set apart, is made subject to the rights of the designated bene-
ficiaries to have a homestead and the exempt property set apart for
their benefit, and does not constitute a charge or lien upon the family
home; and no arrears of such allowance due to the widow, nor any
claims in her favor against the estate, as administratrix or otherwise,
however just, can preclude the setting apart of the homestead to a
minor child of the decedent, after the death of the widow, no prior
order having been made setting the homestead apart.

ID.—LOSS OF HOMESTEAD RIGHTS — EFFECT OF ORDER OF SALE. — The
widow and minor children do not lose their rights to have a homestead
set apart, by reason of her having, as administratrix, procured an order
of sale of the property used as a family home, which was not in fact
sold under the order.

ID.—LOSS OF RIGHTS OF WIDOW AND ADULT CHILDREN—REMARRIAGE OF
WIDOW.—A widow who remarries thereby loses her rights to have a
homestead carved out of the property of the estate of her deceased hus-
band, and also loses her right to any further family allowance, which
then terminates without order of court, so far as she, individually, is
concerned; and children who become of age, without an application for
a homestead, also lose their right to have a homestead set apart.

ID.—DELAY IN APPLICATION OF MINOR FOR HOMESTEAD.—A homestead may
be set apart upon the return of the inventory, or at any subsequent
time during the administration; and where the administration is not
closed, no delay of years in applying for a homestead can prejudice the
right of a minor son to have the homestead set apart for his use.

ID.—COMMUNITY PROPERTY—SUCCESSION OF WIDOW—EFFECT UPON PRO-
BATE HOMESTEAD—TENANCY IN COMMON.—The rights of the widow,
as successor to one-half of the community property, upon the death of
the husband, are subject to the right of a minor child to have a probate
homestead carved out of the community property, the homestead be-
ing one of the burdens upon the community property, subject to which
the surviving wife takes her interest therein; and the widow has no
title as tenant in common, which, during the administration of the es-
tate, is not subject to the probate homestead.

APPEAL from a decree of the Superior Court of the
City and County of San Francisco setting apart a home-
stead.  J. V. COFFEY, Judge.

The facts are stated in the opinion.

*Walter H. Linforth*, for Appellant.

*William E. White*, and *Edward C. Harrison*, for Respondents.

SEARLS, C.—This is an appeal from an order of the probate court in and for the city and county of San Francisco, setting apart to Samuel W. Still, the infant son of Alden P. Still and Grace U. Still, his wife, as a homestead a lot of land, with the dwelling-house thereon, situated on Twenty-fourth street, city and county of San Francisco, of the value of say two thousand dollars.

It appears from the bill of exceptions that Alden P. Still died intestate at the city and county of San Francisco June 30, 1885, leaving him surviving Grace U. Still, his widow, and three minor children, viz., John P. Still, then of the age of twelve years, Lottie L. Still, of the age of nine years, and Samuel W. Still, then of the age of eight years, all of whom are of legal age except Samuel W. Still.

The widow, Grace U. Still, was appointed administratrix of the estate, which was appraised at two thousand one hundred dollars. The residence of the family, which is the property herein set aside as a homestead, was appraised at fifteen hundred dollars. The widow and her children continued to reside in the family home.

In March, 1886, the administratrix applied for, and obtained, an order for the sale of all the real property of the estate. Certain other real property was sold for six hundred dollars, but the home place was not sold.

In January, 1886, the administratrix procured an order from the court for a family allowance of one hundred dollars per month, to commence June 30, 1886, none of which, so far as appears, has been paid, and it is claimed there is now due on account thereof the sum of say, eleven thousand dollars.

The administratrix also paid costs of administration, taxes, insurance, etc., amounting to about eight hundred and twenty-six dollars, and it was claimed there was due her as commissions the further sum of one hundred and forty-five dollars. Her total receipts were five hundred and ninety-two dollars.

Grace U. Still, the administratrix, intermarried with William Webb, the appellant herein, June 15, 1888. After this marriage appellant herein and his wife and her children lived in the home aforesaid, rent free, until February 8, 1895, when the said Grace U. Webb (formerly Grace U. Still), administratrix, died intestate. Appellant herein was duly appointed administrator of her estate.

Said Grace U. Still never rendered any account of her administration of the estate of said Alden P. Still, deceased. The homestead property herein was the community property of said Alden P. Still and Grace, his wife, upon which they resided and had their home at the date of the death of said Alden P. Still.

No homestead was ever selected, declared, or recorded by Still or his wife during their lives, and none has been selected since until as herein stated. The applicant, Samuel W. Still, in whose favor the homestead was set apart, was, at the date of the order, of the age of nineteen years and over. The points made by appellant in favor of reversal are: 1. That as a family allowance was made by the court to Grace U. Still, the widow, which was never paid, and, as such widow supported the infant children, to allow a homestead would result in withdrawing the whole estate from administration, the court had no power to set apart the homestead; 2. The premises set apart constituted the only means for the payment of expenses of administration, etc., incurred by the widow as administratrix, to which she was entitled before the court could rightfully set apart the homestead; 3. The application for a homestead came too late; 4. The premises sought to be made a homestead, being community property, subject only to the

payment of expenses of administration, the family allowance and debts of the intestate, the widow, Grace U. Still, became vested with an undivided one-half of said premises, subject to such debts, expenses, and charges, and, as a tenant in common with the children, her one-half interest in the estate could not be divested by making it a homestead.

First, then, as to the effect of the family allowance upon the right of the court to set aside the homestead.

The Code of Civil Procedure, section 1464, provides that when a person dies leaving a widow or minor children, the widow or children, until letters are granted and the inventory is returned, are entitled to a reasonable provision for their support, to be allowed by the superior court or a judge thereof.

Section 1466 of the same code provides that, if the amount thus set apart by the preceding sections be insufficient for the support of the widow and children, or either, the court, or a judge thereof, must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting letters, etc.

The following section makes such allowance a preferred charge against the estate, except as against funeral charges and expenses of administration.

The provision in section 1466, that " if the amount set apart be insufficient," etc., evidently refers to not only the allowance provided by section 1464, but also by section 1465, which provides that "upon the return of the inventory, or at any subsequent time during the administration, the court may, on its own motion, or on petition therefor, set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded . . . . ; if none has been selected

. . . . the court must select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife and the minor children; or, if there be no surviving husband or wife, then for the use of the minor children, . . . . out of the common property," etc.

The legislative will, as expressed in the several sections of the code, is: 1. Provisions for the maintenance of the family, if such there be, "until letters are granted and the inventory is returned." 2. Upon the return of the inventory, or at any time thereafter during the administration, the court may (and this phrase has been held to mean must; *Estate of Ballentine*, 45 Cal. 696), on its own motion or on petition, set apart for the use of the family all the property exempt from execution and the homestead, if one has been selected and recorded. If no homestead has been selected and recorded, etc., the court must select, designate, set apart, and cause to be recorded, a homestead for the surviving husband or wife and the minor children, and if there be no husband or wife, then for the use of the minor children. 3. If the amount thus set apart be insufficient for the support of the family, then, and then only, the court is required to make such reasonable allowance out of the estate as shall be necessary. Evidently, as we think, it was not the legislative intent to make the subsequent allowance which might become necessary a charge or lien upon the exempt or homestead property which the court is required to set apart to the family.

This should, in regular order, be set apart at once upon the coming in of the inventory showing its existence; but, if not then done, it may be done at any subsequent time during administration. When thus set apart it is properly withdrawn from administration, and the administrator has no further concern with it.

A family allowance subsequently allowed cannot impair the right of the surviving husband or wife and children thereto.

A family allowance made before exempt property and

the homestead are set apart, by parity of reasoning, is made subject to the right of the designated beneficiaries to have a homestead and the exempt property set apart for their benefit. The widow and minor children did not lose their right to a homestead when, as administratrix, she procured an order of sale of the property, which was never sold under such order. (*Estate of Smith*, 51 Cal. 563; *Estate of Lahiff*, 86 Cal. 151.) When the widow, Grace U. Still, who was administratrix in 1888, intermarried with William Webb, she lost her right to have a homestead carved out of the property of the estate of her deceased husband (*Estate of Boland*, 43 Cal. 640); and when all the minors except Samuel W. Still reached their majority without an application for a homestead having been made for or on their behalf, their rights were similarly lost. But neither the widow nor the other children could individually or collectively waive the right of Samuel W. Still, during his infancy, to a homestead. (*Phelan* v. *Smith*, 100 Cal. 158.)

Indeed it has been held that the court had no discretion to deny the right of the widow and minor children to a homestead out of the estate. (*In re Davis*, 69 Cal. 458; *Estate of Ballentine, supra.*)

When, on or about June 15, 1888, Grace U. Still, the widow, intermarried with William Webb, the family allowance of one hundred dollars per month, made January 29, 1886, to take effect June 30, 1886, out of the estate of her deceased husband, Alden P. Still, terminated without order of the court, as far as she individually was concerned.

No doubt the court could have continued the allowance, if necessary for the benefit of the children, but when she ceased to be the widow of Still she could not claim as a perquisite for herself, or for her new husband, a family allowance from the estate of her former spouse. (*Estate of Hamilton*, 66 Cal. 576.)

We need not, however, scan the allowance, as from our point of view the right of the infant applicant to a homestead out of the estate is independent of and not

abridged by the general debts of the estate or the claims of the administratrix, however just. This may tend to show our statute defective and not conducive to equitable results, but we must take it as the legislature has left it.

2. For like reasons we deem appellant's second point untenable.

3. The application for a homestead did not come too late. It may be made, "upon the return of the inventory, or at any subsequent time during the administration." The administration of the estate is not yet closed, but is being conducted by John H. Still, as administrator and successor to Grace U. Still.

4. The remaining point made by appellant is, that the premises sought to be made a homestead being community property of the marriage of the decedent and Grace U. Still, on the death of decedent one-half thereof vested in Grace U. Still, subject only to the payment of his debts, the family allowance, and the charges and expenses of administration, and her half thereof was not subject to administration.

It is true that a homestead cannot be created out of land held by the applicant as a tenant in common with others. (*Rosenthal* v. *Merced Bank*, 110 Cal. 198.) But was the land so held here?

"Upon the death of the husband, one-half of the community property goes to the surviving wife. . . . . In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration." (Civ. Code, sec. 1402.)

In *Estate of Moore*, 57 Cal. 437, it was said: "The objects of administration are: 1. To support the family for a period; 2. To set apart a homestead to the family; 3. To pay the expenses of administration; 4. To pay the debts of the deceased; 5. To distribute the balance of the estate to those who take it by law."

In *Phelan* v. *Smith, supra*, it was said: "The right to

have a probate homestead carved out of the estate is in the nature of a charge upon the estate, from which the widow, under her right of succession, could no more discharge [it] than she could free the estate from its liability for the debts of her deceased husband."

The homestead is, in a proper case, a charge upon the estate of the deceased, created by the law, and is one of the burdens upon the community property, subject to which the surviving wife takes her interest therein, equally with the other limitations prescribed by the code.

If this position is correct, the widow had no title as tenant in common or otherwise in the premises which, during the administration of the estate, was not subject to the probate homestead.

We recommend that the order appealed from be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.