[Civ. No. 199. First Appellate District.—December 7, 1905.]

In the Matter of the Estate of H. H. POHLMANN, Deceased.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—MINOR CHIL-
DREN—POWER OF COURT.—Under section 1465 of the Code of Civil
Procedure, the superior court, having jurisdiction of the estate of a
deceased person, has authority to set apart a homestead for the use
of minor children of the decedent who have no living parent.

ID.—SELECTION OF PROPERTY NOT RESIDED UPON.—The court was author-
ized to set apart any portion of the estate which is suitable as a
homestead, although the deceased had never resided upon it, and
could not have filed a declaration of homestead thereon.

ID.—EFFECT UPON ADMINISTRATION—WAIVER OF OBJECTION—RECORD
UPON APPEAL.—An objection that the setting apart of the home-
stead will deprive the executor of the power of paying the ex-
penses of administration, funeral expenses and taxes chargeable
against the estate, cannot be urged upon appeal, where such objec-
tion was not made at the hearing, and where the record upon appeal
does not show that any items of this character remain unpaid, but
does show that the executor has in his possession upward of $900 of
personal property of the estate which the court must have deemed
sufficient to meet all such payments.

ID.—PETITION BY GUARDIAN OF MINORS—ABSENCE OF MINORS—RIGHT TO
HOMESTEAD AND POWER OF COURT NOT AFFECTED.—The guardian of
the minors had authority to present the petition to have a homestead
set apart to them. The court was authorized to set the homestead
apart on its own motion or on petition of any friend of the minors;
and the fact that the minors were temporarily absent from the state
when the petition was heard did not deprive them of the right to
have a homestead set apart, nor did it take from the court the
power to make the order.

APPEAL from an order of the Superior Court of Santa Clara County, setting apart a homestead to minor children of a decedent. H. D. Tuttle, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, and W. H. Johnson, for Appellant.

J. B. Kerwin, for Respondent.

HARRISON, P. J.—Appeal from an order in probate setting apart a homestead to the minor children of the deceased. The above-named H. H. Pohlmann was a resident of the county of Santa Clara, and died in that county November 20, 1903, leaving two minor children, to whom by his last will and testament he gave all of his estate. His wife had previously died, and the respondent, Conrad Weller, was appointed guardian of the persons and estates of the minor children. After the will had been admitted to probate the executor returned an inventory of the estate. consisting of both real and personal property, the personal property being valued at about $900, and the real estate consisting of a tract of land of about fourteen acres in the county of San Joaquin, with a dwelling-house thereon, appraised at the sum of $1,350. The decedent had not selected or recorded any homestead in his lifetime, and in September, 1904, the guardian of the minor children presented a petition to the superior court to set apart the above-named real estate to the minor children as a homestead. The executor of the will, and certain others claiming to be creditors of the estate, filed opposition thereto, and at the hearing of the petition the court overruled their objections and made an order setting apart the real estate to the said minors for a homestead. From this order the executor has appealed. No appeal has been taken by either of the other contestants, and the court does not find, nor is there any evidence set forth in the record, that either of them was a creditor of the estate. or that the deceased left any creditors at his death.

1. The contention of the appellant that a court is not authorized to set apart a homestead for minor children who have no living parent is contrary to the language of the stat-

ute and to previous decisions of the supreme court. Section 1465 of the Code of Civil Procedure authorizes the superior court, in case a homestead was not selected and recorded in the lifetime of the decedent, to select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife and the minor children, or, "if there be no surviving husband or wife, then for the use of the minor children." In *Estate of Davis*, 69 Cal. 458, [10 Pac. 671], the deceased died testate, leaving two minor children, but no husband. She also left a lot with a dwelling-house thereon which, in her will, she directed to be sold, and that a portion of the proceeds should be given to her brother. The superior court set apart this real estate as a homestead for the minor children, against the objection of the brother, and the order was affirmed by the supreme court. In *Estate of Still*, 117 Cal. 509, [49 Pac. 463], it was held that the right to have a homestead set apart for the use of the minor children is paramount to the right to a family allowance. In that case a family allowance had been made, but the widow suffered it to remain unpaid until its accumulation was greater than the value of the property sought to be set apart, and then lost her right to a homestead by again marrying. An order setting apart the property as a homestead for her minor child, discharged of any claim for the unpaid family allowance, was sustained.

2. The appellant further contends that a court is not authorized to set apart as a homestead any property which could not have been dedicated as such immediately preceding the death of the deceased (citing in support of this proposition *Estate of Ackerman*, 80 Cal. 208, [13 Am. St. Rep. 116, 22 Pac. 141], and *Estate of Carriger*, 107 Cal. 618. [40 Pac. 1032]), and that, inasmuch as the deceased never resided upon the property in San Joaquin county, he could not have filed a declaration of homestead thereon. The code does not make it requisite that the deceased should have resided on the property at the time of his death in order that the court may set apart a homestead for the use of the family, but authorizes the court to set apart any portion of the estate which is suitable for a homestead. It was shown at the hearing that the property in San Joaquin county

was a suitable place for a family to live in, and in *Estate of Levy*, 141 Cal. 646, [99 Am. St. Rep. 92, 75 Pac. 301], the court said: "Admittedly the court, in probate proceedings, has the power to set apart premises as a homestead, if they be suitable and proper for residence purposes, and could have been legally selected as a homestead during the continuance of the marriage if the parties then actually resided thereon." In *Estate of Ackerman* a homestead had been selected in the lifetime of the decedent, which, upon her death, vested in the surviving husband with all its previous attributes of a homestead, and it was merely held that he was not entitled to have another homestead set apart to him out of the separate estate of his wife. In *Estate of Carriger* the property sought to be set apart was not susceptible of being declared a homestead, for the reason that it was held by the deceased in his lifetime as a tenant in common with others.

3. The appellant further urges that the effect of setting the property apart will be to deprive him of the power of paying the expenses of administration, funeral expenses, and taxes chargeable against the estate. It is a sufficient answer to this that no objection of this character was made at the hearing, and it does not appear from the record that there are any items of this nature which remain unpaid. It does, however, appear that the executor has in his possession upward of $900 of personal property belonging to the estate, which the court must have deemed to be sufficient for all such payments.

The objection that the guardian of the minors had no authority to present the petition is without merit. The court was authorized to set the homestead apart on its own motion or upon the petition of any friend of the minors. Neither did the fact that the minors were temporarily absent from the state at the time the petition was heard, deprive them of the right to have a homestead set apart, or take from the court the power to make the order.

The order is affirmed.

Cooper, J., and Hall, J., concurred.