(January 8, 1908.)

ON REHEARING.

[93 Pac. 31.]

7. Art. 5, sec. 21 of the constitution grants to the probate
court exclusive, original jurisdiction in all matters of probate, and
as to such matters, the probate court is a court of record, and to
the judgments, records and proceedings of which absolute verity is
attached.

8. Art. 5, sec. 20 of the constitution grants to district courts
original jurisdiction in all cases, both at law and in equity,
and such appellate jurisdiction as may be conferred by law, from
which a clear distinction is drawn between "in all cases both at
law and in equity," and "matters of probate, settlement of estates
of deceased persons and appointment of guardians."

9. Under art. 5, sec. 20, the legislature is the sole and ex-
clusive ·judge as to the extent and scope of the appellate jurisdic-
tion that it will confer upon district courts.   It may limit it to any
case, or class of cases, or subject matter, or it may not grant any
at all; but the legislature cannot grant to the district court orig-
inal jurisdiction to hear and determine matters of probate and
settlement of estates of deceased persons.

10. Trial *de novo*, as used in the Laws of 1903, page 372, means
"to try anew," or, "a second time"; that is, to retry the case
upon the original papers and upon the same issues as the case was
tried in the probate court.

Opinion of the Court—Stewart, J., on Rehearing.

11. Under this statute and the constitution, if an appeal is taken upon a probate matter upon questions of law alone, the district court may review such questions of law which appear upon the face of the record, and may affirm or reverse the decision of the probate court. When an appeal is taken upon both questions of law and fact, if the court should affirm the action of the probate court upon questions of law, the cause may then be tried upon the same questions of fact as were raised in the probate court, in the same way as other cases are tried in the district court.

12. A petition to set aside a homestead, under the provisions of sec. 5441, Rev. Stat., which sets forth the making and return of the inventory of the decedent, the description and ownership of the real property returned in the inventory, that such property was the property of the deceased and that its value did not exceed $5,000, and that no homestead had ever been designated or selected by deceased or his widow during his lifetime, is sufficient to entitle the widow to have the property therein described set off as a probate homestead.

13. Under the provisions of secs. 5440 and 5441, Rev. Stat., a probate homestead is one to be created by the probate court out of real property belonging to the decedent which was subject to a homestead at the time of the death of the decedent, and its value is less than $5,000, and was of such property as might have been occupied as a home at the time of the decedent's death.

14. Where the probate court in a probate matter enters one judgment and includes therein more than one order, and the appeal is taken from the judgment, only one bond or one deposit of $100 under sec. 1 of the act of March 11, 1903, is required.

15. Where an appeal is taken to the district court from the probate court, and the probate court fails to transmit to the district court the undertaking on appeal or the deposit in lieu thereof, the district court may, when it is so made to appear, direct the probate court to transmit such undertaking or deposit to the district court.

16. A judgment entered in the district court in a probate matter on appeal from the probate court is to be executed by the district court certifying such judgment to the probate court with direction to execute the same in accordance with the terms thereof.

17. Where evidence has been admitted which becomes immaterial under the law, it is not error for the district court to admit the same.

(Syllabus on rehearing by the court.)

STEWART, J.—A rehearing was granted in this case and the cause was argued orally, and all the questions presented by the appeal have been fully considered by the court. Coun-

sel contend that the original opinion fails to pass upon a number of questions presented by the record, and that on other questions considered by the court a correct conclusion was not reached. We have, therefore, deemed it advisable to take up all the assignments of error and decide them. The facts are stated in the opinion delivered by Justice Sullivan.

When the cause reached the district court on appeal upon questions of both law and fact, a demurrer was filed to the petition asking that a homestead be set off to Americus J. McVay. This demurrer was sustained by the district court and permission was given the respondent to amend the petition by "paster slip." The record, however, shows that an amended petition was filed in the district court. No motion was made to strike the amended petition from the files, nor was any objection made to the amended petition on the ground that the same was not made or filed in accordance with the permission of the court. Just what an amendment by "paster slip" means, we are unable to say, but presume the court intended that the amendment might be pasted onto the original petition; but it is immaterial in this case just what an amendment by "paster slip" means, for the reason that an amended petition was filed.

The appellant assigns as error the action of the court in allowing the respondent to amend her petition in the district court. This assignment of error involves the question of raising new issues on appeal in the district court and of the amendment of pleadings. An examination of secs. 20 and 21, art. 5, of the constitution, discloses at once the fact that the framers of that instrument saw fit to classify "matters of probate, settlement of estates of deceased persons and appointment of guardians" as separate, distinct and aside from "cases at law and in equity," over which they gave the district court "original jurisdiction." It will also be seen from sec. 20 that "in all cases, both at law and in equity," from which they have clearly distinguished "matters of probate, settlement of estates of deceased persons, and appointment of guardians," the district court has "original jurisdiction," and that in all other matters which the legislature

might provide for being heard in district courts, the jurisdiction should be solely "appellate." The words "original jurisdiction" and "appellate jurisdiction," as employed in sec. 20, are used in the clearest and most unequivocal contradistinction to each other. By sec. 21, the probate courts are given the sole and exclusive "original jurisdiction" in all matters of probate. As to those matters, the probate court is a court of record, to the judgment, records and proceedings of which, in such matters, absolute verity is attached in every respect as fully and completely as can attach to the records, judgments and proceedings of district courts or other courts of record. (*Clark v. Rossier*, 10 Ida. 348, 78 Pac. 358; *In re Elmer and Alva Brady*, 10 Ida. 366, 79 Pac. 75.) Under sec. 20, art. 5 of the constitution, the legislature is the sole and exclusive judge as to the extent and scope of the "appellate jurisdiction" that they will confer upon district courts. In other words, they may limit it to any case or class of cases, or subject matter they may see fit, or they may not grant any at all; but it was never intended by this or any other provision of the constitution that the legislature could circumvent the clearest provisions and intent of that instrument, by giving to the district court, under the guise of the right to try appeals, what amounts to an original jurisdiction to hear and determine matters of probate and settlement of estates of deceased persons.

It must be assumed that the legislature, when it passed the act of March 11, 1903 (Sess. Laws, 1903, p. 372), providing for a trial "*de novo*" in the district court, on appeal from the probate court, in probate matters, was acting within the purview of the constitution and did not intend to go any further than to provide for the exercise of the "appellate jurisdiction" of the district court. Proceeding upon that assumption, let us see what trial "*de novo*" means. It is defined in "Cyc." and Rapalje & L. L. Dictionary as "anew; a second time." In *Paul v. Armstrong*, 1 Nev. 96, the court, in considering the meaning of this term, said: "The statute says that, upon an appeal, the case shall be tried *de novo* in the appellate court. That is, as I understand it, in the same

manner, with the same effect, and upon the issues tried in the court below." It would seem that the correct doctrine is stated by the Texas court of appeals in *Ex parte Morales*, 53 S. W. 107, wherein the court held that a trial "*de novo*" on appeal requires "that appeals be tried upon the original papers, and upon the same issues had below." It is axiomatic that a cause or an issue cannot be tried *de novo* that has never been tried. (*Southern Pac. Co. v. Superior Court*, 59 Cal. 471.) · If there is no issue, there can be no case made. "Appellate jurisdiction," as used in sec. 20 of the constitution, is the direct antithesis of the words "original jurisdiction" in the same section. In the latest edition of Bouvier's Law Dictionary, the words "appellate jurisdiction" are defined as follows: "The jurisdiction which a superior court has to rehear causes which have been tried in inferior courts." Similar definitions are given in numerous cases reported from the courts. (See *State ex rel. Williams v. Anthony*, 65 Mo. App. 543; *State v. Baker*, 19 Fla. 19; *In re Jessup's Estate*, 81 Cal. 408, 22 Pac. 1028, 6 L. R. A. 594; *Dodds v. Duncan*, 80 Tenn. (12 Lea) 731; *People v. City of Chicago*, 193 Ill. 577, 62 N. E. 196.) The very expression, "appellate jurisdiction," refutes and contradicts any idea of filing new pleadings and framing and settling issues in a court of such jurisdiction. The amendments of pleadings and filing new pleadings and joining issues suggest at once to the practitioner a court of "original jurisdiction" as the forum in which such practice and procedure is taking place. It is a practice and procedure not usually or ordinarily invoked or countenanced in courts exercising only appellate jurisdiction, and we are not prepared to believe that the framers of the constitution ever intended to use the phrase in any uncommon, unusual or extraordinary sense. Amendments should not be allowed in the district court on appeal from the probate court in a probate matter.

Sec. 3 of the act of March 11, 1903, *supra*, provides: "The appeal may be taken either upon questions of both law and fact. If taken upon questions of law alone, the district court may review any such question which sufficiently ap-

pears upon the face of the record or proceeding, without the aid of a bill of exception, but no bill of exceptions shall be allowed or granted in the probate court in probate matters. If the appeal be upon questions of both law and fact, the trial in the district court shall be *de novo.*" That is, if the appeal is taken upon questions of law alone, the district court will review such questions of law as were raised in the probate court upon the record, but will not permit any new questions of law to be raised. If the district court sustains the appellant's views, then the judgment will be reversed and the probate court directed to proceed accordingly. If, however, the district court affirms the judgment of the probate court, then the same is certified back to the probate court with the decision thereon. If the appeal be taken upon questions of both law and fact, then the district court proceeds to try, first, the questions of law, and if the cause is reversed on questions of law, the questions of fact are not tried. If, however, the cause is not reversed on questions of law, then the same questions of fact as were tried in the probate court will be retried in the district court as other trials in said court are conducted. Witnesses may be called and may testify the same as in the trial of any other cause. In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court. Whatever judgment may be entered in the district court is to be certified back to the probate court for execution in accordance therewith.

Appellant also contends that the petition filed in the probate court was insufficient, and did not state facts sufficient to entitle her to the relief asked for, or any relief; while respondent contends that the petition was sufficient and even goes to the extent of contending that petition to have a homestead set off to the widow is not necessary at all. Sec. 5420, Rev. Stat., requires every executor or administrator to return to the court a true inventory and appraisement of all the estate of the decedent, including the homestead, if any. Sec. 5422 requires the appraisers to appraise the property

embraced in the inventory. Sec. 5440 provides that "when a person dies, leaving a widow or minor children, the widow or children, until letters are granted and the inventory returned, are entitled to remain in possession of the homestead," etc. Sec. 5441 provides that "upon the return of the inventory, or at any subsequent time during the administration, the court or the probate judge may on his own motion, or on petition therefor, set apart for the use of the surviving husband or wife, or the minor children of the decedent, all property exempt from execution, including the homestead selected, designated and recorded. If none has been selected, designated and recorded, the judge or the court must select, designate, set apart, and cause to be recorded, a homestead for the use of the persons thereinbefore named, in the manner provided in this chapter, out of the real estate belonging to the decedent." Sec. 5448 provides that "if the homestead selected and recorded prior to the death of the decedent is returned in the inventory and appraisement, at not exceeding $5,000 in value, the probate court must by order set it off to the persons in whom title is vested by the preceding section."

Taking these various provisions of the statute, it is apparent that the legislature contemplated the setting off to the husband or wife or the minor children of the decedent, two classes of homesteads: First, the homestead which had been selected, designated and recorded prior to the death of the decedent; second, a homestead to be carved out of the real property of the decedent, by the probate court, for the use and benefit of the surviving husband, wife, or the minor children of the decedent.

In the case at bar, no homestead had been selected, designated or recorded prior to the death of David McVay; therefore, whatever homestead could be set apart to the surviving widow must be such as the court created out of the property of the deceased. Inasmuch as the statute provides that upon the return of the inventory or at any time subsequent, the court or probate judge may, on his own motion, or petition,

set apart a homestead, the respondent contends that no peti-tion was necessary in this case.

As to the sufficiency of the petition filed in the probate court asking that a homestead be set aside to the petitioner, Amer-icus J. McVay, the majority of the court are of the opinion that the petition was sufficient, as they contend that the nature and organization of the probate court and the character and class of subjects it has to deal with in probate matters, makes it impossible to apply the ordinary principles of pleading to their proceedings; that many of the orders provided for may be made upon motion of the probate judge himself or upon suggestion by the administrator or executor or a surviving husband or wife, or an interested party in whose favor such order is made; and that the fact that an order is made in a probate proceeding upon the motion of the judge himself, or at the suggestion of an interested party, and without any petition or written pleading at all, does not prevent the party aggrieved from appealing and having the order or decision re-viewed in the district court; and that in the case at bar, the probate judge might have made an order setting aside a home-stead without any written petition at all being made there-for, under the provisions of sec. 5441, Rev. Stat.; that in the instances where the statute provides that a petition or com-plaint in writing is required and what it shall contain, in such instances the statute must be followed; but in the case at bar, the petition filed in the probate court stated every fact necessary to give the court jurisdiction to act and to grant the petitioner the relief asked for in the petition.

In this conclusion of the majority of the court, the writer of this opinion cannot concur. It is apparent from the reading of the statute that the probate judge must have before him certain facts in order to warrant him in creating a home-stead where none had been selected. These facts are, first, that the applicant is a surviving husband, wife, or minor child of the decedent; second, that the real property was property of the decedent; third, that the property to be set off was a homestead; that is, property upon which a declara-tion of homestead had been filed, or property which could be

created into a homestead at the time of the death of the decedent; fourth, that the value thereof did not exceed $5,000. If these facts appear to the probate court upon the return of the inventory, from the inventory itself, or such papers as have been filed in the case up to that time, and such facts are proven to the court, then the statute clearly authorized the probate judge to set apart a homestead to the surviving husband, wife or minor children without any petition therefor. If, however, such facts do not appear, then it becomes necessary to present such facts by a proper petition alleging the same and proofs offered in support thereof. (*Estate of Delaney*, 37 Cal. 176; *Cameto v. Dupuy*, 47 Cal. 79.) The necessary facts, in my opinion, did not appear in this case from the inventory and other papers on file; hence a petition was necessary. The petition filed in the probate court was not, in my opinion, sufficient to entitle the applicant to the relief therein asked, as it did not state the necessary facts sufficient to authorize the probate court to act.

This leads us to the consideration of the question as to what constitutes a homestead under the provisions of Revised Statutes, sections 5440 and 5441. As stated above, had a declaration of homestead been filed prior to the death of the decedent, it would have constituted the property therein named a homestead under these two sections. But in the case at bar, no declaration was filed. Therefore, it becomes necessary to consider the question as to what is a probate homestead and what property may be set aside as such where none has been selected, designated, or recorded prior to the time of the death of the decedent. The homestead contemplated under these circumstances is one to be created by the probate court; that is, a probate homestead, and it may be created out of any property belonging to the estate which was subject to a homestead at the time of the death of the decedent; that is, was it property of the decedent; was it of a value less than $5,000, and was it such property as might have been occupied as a home at that time? In other words, was it land upon which a residence or dwelling-house had been constructed, which, at the time of the death of the decedent, could have

been occupied as such? If so, it was property out of which the probate court could have created a homestead. It was not necessary that the husband and wife actually lived on the property at the time of the death of the decedent, but if it were such property as could have been occupied by them, it is property which may be impressed with the homestead right, under the statute, as a probate homestead. (*Estate of Gallagher*, 134 Cal. 96, 66 Pac. 70; *In re Pohlmann's Estate*, 2 Cal. App. 360, 84 Pac. 354.) This being the law, it becomes immaterial in this case whether McVay and his wife lived together at the time of his death or were actually living upon the premises which she asked to be set aside as a homestead, the only question being: Was the property such as could have been occupied by them as a homestead at such time? This clearly appears in the amended petition filed in the district court, and also by the proof. The fact that they were living apart, or the fact that McVay was absent from the premises and had leased the same, is of no consequence. (*E proson v. Wheat*, 53 Cal. 715; *Wickersham v. Comerford*, 96 Cal. 433, 31 Pac. 358.)

The next question argued by counsel for appellant is that when an appeal was taken from the probate court to the district court, the appellant deposited $100 with the probate court in lieu of the undertaking required by section 1 of the act of March 11, 1903. An examination of the record in this case shows that on the 17th day of October, 1905, the probate judge entered this judgment: "After duly considering the evidence, and carefully examining the authorities cited, the court is of the opinion that the petition to set apart homestead and exempt personal property should be denied, and it is so ordered." The notice of appeal provides that the appeal is taken from an order made and entered in the probate court on the 17th day of October, 1905, refusing to set aside the homestead of said deceased David H. McVay to the petitioner, Americus J. McVay, and also from an order made and entered in the said probate court on the 17th day of October, 1905, refusing to set apart the exempt property of said deceased David H. McVay

to said petitioner, Americus J. McVay. It will thus-be seen that while the notice of appeal specifies these two orders as separate orders, yet the judgment of the probate judge was single, both orders being covered by the same judgment. Therefore, there is but one appeal and that is from the judgment made by the probate judge on the 17th day of October, 1905, and the appellant was only required to deposit $100 under the provisions of section 1 of the act of March 11, 1903. Where an undertaking on appeal or deposit is made, the appeal cannot be dismissed for failure of the probate court to certify that fact to the district court. When it appears to the district court that an undertaking on appeal has been given, or deposit made, the district court should order the probate court to certify the fact to the district court. ·

This opinion so far covers assignments of error 1, 2, 3, 33 and 34. Assignments of error from 4 to 32, inclusive, relate to matters involving the admissibility of evidence and other matters which become immaterial under the view of the law as announced in this opinion, as to what is a homestead, and out of what property it may be created by the probate court. Specifications of error 35, 36 and 37 relate to the definiteness of the findings of the court, and under the view of the law as herein announced, the findings of the court are sufficiently definite and certain, and even go beyond the requirements of the law.

Under the rule announced in this opinion, it was error for the trial court to permit the petition of the respondent, and the objection and answer thereto by the appellant, to be amended in the district court. But this error in no way affects the respondent's right to recover in this action, and as a different judgment could not have been rendered from the one the trial court did enter, it would not avail the appellant anything should the cause be reversed for such error. Under the provisions of sec. 4231, Rev. Stat., "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judg-

ment shall be reversed or affected by reason of such error or defect,'' this court does not feel disposed to reverse this case on the error committed by the trial court, in permitting the pleadings to be amended in the district court, as the judgment of the trial court on the record was correct.

The judgment of the lower court will be affirmed. Costs awarded to the respondent.

Ailshie, C. J., and Sullivan, J., concur.