[Civ. No. 6669. First Appellate District, Division Two.—May 3, 1929.]

In the Matter of the Estate of OSCAR J. WRIGHT, Deceased. CLARA C. WRIGHT, Respondent, v. REGINALD WRIGHT, Administrator, etc., Appellant.

B. M. Benson for Appellant.

Alva E. Snow and Lawrence W. Young for Respondent.

STURTEVANT, J.—Clara C. Wright, as guardian of three minors, filed a petition asking that a homestead be set aside in favor of the decedent's minor children. The trial court made an order granting the petition as prayed for and from that order the administrator has appealed and has brought up the judgment-roll. The appellant states that the sole question he seeks to have reviewed is this: "When a married man declares a homestead on his separate property, procures a final decree of divorce from his wife, dies, leaving two adult and three minor heirs, and the inventory shows the homesteaded property among the assets of his estate, should the court in setting apart a homestead for the minor children grant the property to said minors in fee or merely for a limited number of years?"

The real estate involved is lot 5, block 8, of the Alta Vista tract in the city of Fresno. It was the separate property of the decedent. On the twenty-first day of February, 1927, the decedent, his wife and four minor children were residing on that property and on said date the decedent executed a declaration of homestead and caused it to be recorded. One of the minor children attained her majority on the twenty-third day of February, 1927, while a resident of this state. The other minor children on the date the decree was made were respectively nine years, seven years and five years of age. On the twenty-eighth day of March, 1928, a final decree of divorce was entered dissolving the bonds of matrimony theretofore existing between Oscar J. Wright and his wife. The record does not disclose that in the divorce proceeding any order was made or was not made regarding the homestead. . On September 3, 1928, Oscar J. Wright died and thereafter an adult son was appointed administrator with the will annexed of the estate of the deceased. The record does not disclose what provisions, if any, were contained in the will regarding the disposal of the homestead.

In her petition the guardian set forth the foregoing facts and prayed for an order that the homestead be set aside

in fee for the minor children. The trial court ordered judgment as prayed for. The respondent takes the position that the law pertinent to the subject of the *quantum* of the estate to be taken under such an order is contained in section 1465 of the Code of Civil Procedure. She argues that section 1468 is to be read in connection therewith, but that it contains nothing that is pertinent to the facts of this case. Her contentions are apparently correct as far as they go, but there are other provisions of the statute which must also be taken into consideration. "In accordance with the principle that a statute is construed in connection with and as a part of the body of legislation upon the general subject, it is a settled rule that all statutes which relate to the same general subject matter—briefly called statutes *in pari materia* —must be read and construed together, as one act, each referring to and supplementing the other, though they were passed at different times. . . . " (23 Cal. Jur. 785.) That general· rule has been followed by the courts when considering homestead rights. (*Weinreich* v. *Hensley,* 121 Cal. 647 [54 Pac. 254] ; *Hannon* v. *Southern Pac. R. R. Co.,* 12 Cal. App. 350 [107 Pac. 335].) ▮ The latter case holds that the law in force at the death of the spouse whose property was impressed with the homestead character controls the descent and devolution of the title. That the trial court had the power to set aside the homestead at least for some period of time for the use of the minors (Code Civ. Proc., sec. 1465), both parties agree. Whether such order may pass the fee or whether it should be limited is not conceded. It is not contended that any part of section 1468 of the Code of Civil Procedure is directly applicable excepting the last sentence. However, that sentence, it has been held, was enacted to cover a case where the decedent had not selected a homestead and the trial court made the selection. (*In re Schmidt,* 94 Cal. 334 [29 Pac. 714].) The reasoning of the court in that case was based on the ground that at that time section 1474 of the Code of Civil Procedure stated the law on the same subject with reference to a homestead selected by the decedent. Since the rendition of that decision section 1474 of the Code of Civil Procedure and section 1265 of the Civil Code have both been amended. An examination of section 1474 of the Code of Civil Procedure discloses that it is concerned with the devolution of title of the

homestead where there is a "survivor" and to homesteads selected by one spouse without the consent of the other. In the instant case a final decree of divorce had been entered and there was no "survivor." (*Zanone* v. *Sprague*, 16 Cal. App. 333 [116 Pac. 989].) Furthermore, in the instant case it is not claimed that the homestead was selected by the wife without the consent of the decedent. Turning to section 1265 of the Civil Code, it will be noted that the first part of the section is also concerned with the title of the "survivor." For the reasons just stated that portion is not applicable. However, the statute continues: " . . . in other cases, upon the death of the person whose property was selected as a homestead, it shall go to the heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent . . . "

It seems clear that on the death of Mr. Wright the homestead selected by him from his separate property passed to his "heirs or devisees, subject to the power of the superior court to assign the same for a limited period . . . " not to exceed the period of the minority of the children. Homesteads are authorized to provide support for the family, but no one of the homestead statutes shows any intention on the part of the legislature, except during minority, to create any rights in behalf of one child which are greater than the rights of any other child of the decedent. We think it is clear from what we have stated that the order as made was erroneous and that the order should have designated the period of time for which the minors would have the use of the homestead.

The order is reversed.

Nourse, J., and Koford, P. J., concurred.