[Civ. No. 14468.   Second Dist., Div. Three.   Oct. 11, 1944.]

Estate of JONATHAN H. BRANAM, Deceased. ANNA GEORGINA BRANAM et al., Appellants, v. LESTER D. BRANAM, Respondent.

W. W. Middlecoff for Appellants.

No appearance for Respondent.

SHINN, J.—This is an appeal by Georgina Branam, surviving wife, and two minor children of herself and decedent, from an order in probate refusing to set aside a probate homestead for the joint use of the widow and the minor children and setting aside one for the two minor children. In 1926 Georgina Branam married the decedent, who then had three children by a former wife, all of whom were living at the time of the proceedings in question. The husband and wife lived on a ranch near Lancaster until the date of his death, March 10, 1942. At the time of the marriage the ranch consisted of 40 acres, improved with a house. After the marriage they bought an adjoining 30 acres of raw land for $1,200, the wife contributing $500 and the husband $700. From the earnings of the ranch they drilled a water well on the 30 acres and extended an underground irrigating system throughout the 70 acres. Their principal crop was alfalfa. In 1939 the husband signed a will leaving the 40 acres to his son by the second marriage and the 30 acres to the daughter of that marriage, but in this will he did not mention the three children by the former marriage. Thereafter he was stricken and was declared incompetent, but while under such

declaration signed another will in 1940, leaving his wife $1.00 and all of the other property to his five children in equal shares. The widow petitioned for probate of the first will and an adult son by the first marriage, Lester D. Branam, petitioned for probate of the second will. When the matters came on for hearing they were consolidated. The widow's attorney and the son's attorney had a conference in court during the morning session and during the noon hour wrote up and signed a stipulation which they presented to the court in the afternoon. It read as follows:

"[Title of court and cause.] IT IS HEREBY STIPU-LATED by and between the parties hereto through their respective attorneys that the following order may be made by the above entitled court.

"1. That a certain holographic will executed by Jonathan H. Branam on or about the 3rd day of January, 1939, is found to be defective in that it failed to name three of the children of Jonathan H. Branam, deceased, therefore, it is denied to probate.

"2. That certain will executed by Jonathan H. Branam on the 31st day of July, 1940, is found to be defective in that the deceased, Jonathan H. Branam, was incompetent at the time of the execution of said will, and for that reason said will shall be denied to probate.

"3. That the heirs at law of Jonathan H. Branam, deceased, shall be entitled to take according to the laws of succession of the State of California, as set forth in section 221 of the Probate Code of the State of California, and that it is found that all of the property in said estate shall be construed to be the separate property of Jonathan H. Branam, deceased.

"4. That the heirs at law of Jonathan H. Branam, deceased, are: Georgina Branam, also known as Anna Georgina Branam, widow; Dorothy Branam, daughter; John Branam, son; James A. Branam, son; Estol Minter, daughter; Lester D. Branam, son.

"5. That Georgina Branam, also known as Anna Georgina Branam, the widow of the deceased, shall be permitted to live upon those premises, more particularly described as that certain farm located at Lancaster, California, consisting of seventy acres, more or less, located in the northern half of section 18, township 7 N, range 18-west, S.B.B. & M., for a period of six months from date rent-free, and shall not be

chargeable for rent for the use of the premises described aforesaid from the date of the decease of Jonathan H. Branam, to date. However, in the event said property is sold during the six month period of time herein referred to, the widow shall forthwith remove from the premises.

"6. That Georgina Branam, also known as Anna Georgina Branam, hereby waives any and all right for a widow's allowance or probate homestead from the assets and property of the estate of Jonathan H. Branam, deceased.

"7. In the event the aforesaid described property shall be sold, the widow shall have the first right to purchase the property at and for the same price as any prospective buyer's highest offer for the purchase of the property of the estate.

"8. That Georgina Branam, also known as Anna Georgina Branam, and Lester D. Branam shall be appointed as, and shall act as, co-administrators of the estate of Jonathan H. Branam, deceased.

"9. That Charles B. Taylor, Esquire, and Paul Hornaday, Esquire, shall jointly act as attorneys for the aforesaid administrators of the estate of Jonathan H. Branam, deceased.

"DATED: This 10th day of November, 1942." The agreement was signed "Charles B. Taylor  Paul Hornaday."

Upon presentation of the stipulation and upon representations of the attorneys that neither will should be admitted to probate, the court, without any trial of the issues, made an order denying them probate. The widow and Lester D. Branam were appointed co-administrators of the estate. On July 3, 1943, the widow gave a notice of rescission of this purported agreement, reading as follows:

"NOTICE OF RESCISSION To Lester D. Branam, individually, and Lester D. Branam as administrator of the estate of Jonathan H. Branam deceased, Charles B. Taylor, Attorney at Law, Paul Hornaday, esq., Attorney at Law, Cyril A. Walton, John Doe, Richard Roe.

"You are hereby notified that the undersigned, Anna Georgina Branam, individually, and as administratrix of the estate of Jonathan H. Branam, deceased, hereby rescinds all contracts, stipulations, and arrangements, heretofore made with you, or either of you, either by Charles B. Taylor, Attorney at Law, in my behalf, or myself, in connection with the above named estate of Jonathan H. Branam, deceased, by a Probate proceeding #212892 and Incompetency Proceeding #197191, in the Superior Court of the County of Los Angeles, State of Cali-

fornia and also rescinds the judgment and Decree of said Probate Court denying Probate to 2 wills of said above proceeding.#212892 and especially rescinding any and all consents, oral and written, given to me or in my behalf by said Charles B. Taylor, Attorney at Law, waiving any right to homestead, and family allowance, and claims against said estate of Jonathan H. Branam, or any consent I gave, or that the Probate of said 2 wills might be denied. And also rescind all consent of the statement that all his said property was his seperate property. And also, rescind all consent to sales, or probate sales, of the 'real property, belonging to the estate of said deceased, to said Paul Hornaday, or his dummy, or representative.

"Said Rescissions are made upon the ground that the execution of all said above mentioned contracts, papers and consents, and all said transactions were made by the undersigned, and obtained from her without consideration, and without true facts, and all of the facts being stated to her by all *of* any said Attorney's at Law, and at the time of giving said consents and during all of said transactions, said undersigned was kept in ignorance of her rights in Law, and in fact, in an*t* to the estate of Jonathan H. Branam, deceased, and particu*rally*, her consent that said Lester D. Branam be appointed administrator of said estate, and her rights to a homestead, and to a family allowance, and to enforce her claims against said estate. And on the further ground that Dorothy I. Branam, and John L. Branam, the minor children, of Jonathan H. Branam, were never consulted, or made parties to any of said transactions, and all of the said actions were fraud*e*lent and void as to said Dorothy I. Branam, John L. Branam, and the undersigned.

"The undersigned hereby offers to restore consents to said Lester D. Branam, and all rights to be restored to him which he had prior to such transactions hereby rescinded. And the undersigned consents that said Judgment denying Probate of said wills may be set aside and new trial granted.

"Dated this *3rd* day of July, 1943.

ANNA GEORGINA BRANAM."

On July 7, 1943, the widow filed a petition, in which the two minor children joined through their guardian ad litem, alleging that the family of decedent consisted of herself and the two minor children; that they then resided upon the ranch

property, and the prayer of the petition was that the entire property be set apart as a homestead for the exclusive use and benefit of the widow and said minor children. It was alleged that the real property had been appraised at $9,300 and that all of it was the community property or common property of the decedent and Georgina Branam. No homestead had been selected during the lifetime of decedent, which fact also was alleged. The widow also filed a petition for family allowance. Lester D. Branam filed objections to the petitions for homestead and for family allowance, alleging, among other things, that a stipulation had been entered into between himself and the widow by which the latter waived her right and the right of her minor children to a probate homestead out of the assets of the estate and also her right to a family allowance, and that by said stipulation it had been agreed that all of the property of the decedent should be construed to be his separate property. An order was made for a family allowance and no appeal was taken from that order.

The finding of the court that plaintiff had waived her right to a homestead was based solely upon the stipulation. The court expressly reserved its decision and did not make a finding as to whether the ranch property was the separate property or community property of the decedent.

A brief has been filed on behalf of appellant, and by the attorney for Lester D. Branam an affidavit, stating that he had notified his client of the appeal but that the latter refused to come to his office to discuss the matter of contesting the appeal, and had stated that he does not desire to contest it.

We believe that the court was in error in setting aside the homestead for the use of the minor children to the exclusion of their mother. Section 661 of the Probate Code provides as follows:

"*Designation of homestead.* If none has been selected, designated and recorded, or in case the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court, in the manner hereinafter provided, must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children, or, if there be no surviving spouse, then for the use of the minor child or children, out of the community property or out of real property owned in common by the decedent and the person or persons entitled

to have the homestead set apart, or if there be no community property and no such property owned in common, then out of the separate property of the decedent. If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority; and, subject to such homestead right, the property remains subject to administration.''

■ There are but two situations in which property may be set apart, namely, for the use of the surviving spouse and minor children and for the use of the minor children if there be no surviving spouse. The right is purely statutory and the law makes no provision for a homestead for the benefit of the surviving spouse to the exclusion of minor children nor for the benefit of minor children to the exclusion of the surviving spouse, nor for the benefit of some of the minor children to the exclusion of others. The first question to be answered is whether the surviving wife of Jonathan H. Branam, by waiving her right, could give the court authority to set apart a homestead for the exclusive benefit of the minor children. The sections of the Probate Code relating to probate homestead rights and the disposition of homesteads previously declared are found in the chapter entitled, ''Support of the Family.'' ■ So far as probate homestead rights are concerned, the beneficiaries are the members of the family of the decedent, consisting either of a surviving spouse with or without a minor child or children of the decedent, or of a child or children if there be no surviving spouse. Of whatever the family may consist, it is regarded as a unit, and the protection which the homestead affords inures to the benefit of the entire family. ■ The right of a family to have a home, and if there be several members, to have a common home, insofar as probate homesteads are concerned, although purely statutory, is nevertheless based upon the natural right of every family, universally recognized, to have a home provided by the head of the family. And it is just as important that a man's family should be kept together after his death as during his lifetime, for as long as it is necessary for their protection, welfare and comfort. ■ While one spouse may during his or her lifetime select or join in the selection of a homestead that will pass upon his or her death to the surviv-

ing spouse, to the exclusion of minor children, a probate homestead may not be set aside exclusively to the surviving spouse if there are minor children nor exclusively to the minor children if there is a surviving spouse. ·A homestead for the exclusive use and benefit of the widow or the minor children would not be one for the benefit of the family, which is the only kind of home recognized by the probate law. It would be contrary to the clear policy of the law that the children should be provided a home from which they would have a right to exclude their mother or father. It is the right, and in the interest, of the children that the surviving mother or father have a home in common with them and it is the policy of the law that the family home be shielded as to all of them by the exemptions and advantages which pertain to homesteads. (*Estate of Fath* (1901), 132 Cal. 609, 613 [64 P. 995] ; *Estate of Kachigian* (1942), 20 Cal.2d 787, 791 [128 P.2d 865].) ▮▮ The rights of both the surviving spouse and the minor children would be impaired if they were divisible. If effect should be given to the attempted waiver by Mrs. Branam, the rights of the children as well as her own would be adversely affected and the paramount purpose of the law to provide a common home for the family would be defeated.

In *Phelan* v. *Smith* (1893), 100 Cal. 158 [34 P. 667], the widow, having two minor children by her deceased husband, sold and conveyed one-half of a tract of land which was the community property of herself and her deceased husband. Thereafter, upon her petition, a portion of the land was set apart to her and the two minor children as a homestead. In an action of ejectment brought by the widow and the minor daughter, the other child having deceased, against the widow's grantee who had gone into possession, plaintiffs prevailed and were awarded possession. The deed by the widow was held to be of no effect as against the homestead. The court said (p. 166) : ''The right to have a probate homestead carved out of the estate is in the nature of a charge upon the estate, from which the widow, under her right of succession, could no more discharge than she could free the estate from its liability for the debts of her deceased husband.

''The right is inherent, not in her alone, but in the children as well, and she can no more foreclose their right thereto than she can their rights as heirs to the estate.

''It is conferred for the beneficent purpose of affording a

home in which the minor children may be sheltered and shielded from want.

"To hold that the widow, or any less than all the parties in interest, can by a conveyance defeat the object of the law would be a fraud upon the rights of those not joining in such conveyance.

"To say that the widow may convey her right to such a homestead, and that the grantee takes as a tenant in common with the children, is in effect to say there shall be no homestead. The law consecrates the homestead to a specific purpose, and that purpose can only be accomplished by making it a home for the family. . . . It follows that the widow's conveyance was subject to the homestead right which it was the duty of the court to set apart, and, when so consummated, the title which she had conveyed, if not defeated, was as to the rights of defendant at least, suspended during the period of the occupancy of the property as a homestead."

The court said further (p. 171) : "The court did not err in ruling out as immaterial and irrelevant the evidence that, after the death of her husband, Maggie O'Connor purchased with her separate funds a lot of land in the town of Pomona, and resided upon the same with her children, and declared a homestead thereon, which lot was sold under a foreclosure sale, and subsequently redeemed and sold by her before the application for a homestead herein.

"If, as before stated, the right to a homestead herein was one which inured to her and her children jointly, which she could not individually convey or waive, because of such joint right, then this evidence was not admissible, as the only effect of it would be to show a waiver on her part."

We conclude that the homestead right of the widow and minor children was indivisible and that the attempted waiver was ineffectual for any purpose.

■ When the matter is retried the court should determine whether all or part of the property was community or separate property. A finding upon this issue, we believe, is necessary to a proper exercise of the court's discretion with respect to the time for which the homestead is to be set apart. Unless there be found to be community property which can be properly set aside as a homestead, the duration of the homestead will be limited to the lifetime of the surviving spouse, or as to a child, to its minority. The petitioners alleged and under-

took to prove that it was community property, which fact, if proved, would have removed that limitation. The failure to make a finding as to the nature of the ownership foreclosed a material issue without deciding it.

It will be necessary also upon a retrial to determine all of the issues raised by the pleading of the agreement between Georgina Branam and Lester D. Branam. Georgina Branam gave notice of rescission of the agreement and she urged at the trial, and urges here, several grounds of alleged invalidity. The agreement was not signed by the parties, as such agreements usually are, and should be. Each of the attorneys who purported to act for the parties had been employed to present one will for probate and opposition to the probate of the other will. No other proceedings were before the court and there was no evidence that either attorney had been employed to represent his client in any other matter. The petitions for probate of the wills and the oppositions thereto did not involve any question of homestead rights, rights to a family allowance, or the question whether the estate was community or separate property. There was no evidence that before the stipulation was signed Georgina Branam had been advised as to its contents or as to the nature of the rights which she was surrendering. Her attorney had mentioned to her the matter of waiving the right to a family allowance, which of course would not have been binding upon the children, but she apparently believed that she could not receive any allowance because there was no money in the estate. It may be that all of the matters covered by the stipulation were fully explained to Mrs. Branam by her attorney and that she authorized him to enter into the stipulation, but there is no evidence in the record that such were the facts. It was not even shown that she saw the stipulation or that it was read to her before it was signed. The attorneys did not see fit to elicit testimony as to the facts from which the court could determine whether Mrs. Branam's attorney was authorized to execute the stipulation on her behalf. This situation did not arise through any fault of the trial judge, who admitted all of the evidence that was offered touching upon the matters in issue. Mrs. Branam contended that as to herself and the children the stipulation was not supported by a consideration. That presented a serious question for decision, for if the agreement is valid, Mrs. Branam has waived all of her

community property rights. There was substantial and un-contradicted evidence which, standing alone, would amply support, if it would not actually compel, a finding that at least a substantial part of the ranch was community property. Upon a retrial all of the issues which we have mentioned will have to be determined.

The order is reversed for further proceedings in accordance with the views hereinbefore expressed.

Desmond, P. J., and Wood (Parker), J., concurred.