[Civ. No. 18557.   Second Dist., Div. Two.   Nov. 9, 1951.]

Estate of LEONARD ROSENAUR, Deceased. FRANCES ROSENAUR, as Guardian ad litem, Appellant, v. SERI ROSENAUR, Respondent.

Morris E. Cohn, Melville B. Nimmer and Nathan Packler for Appellant.

Jerome L. Ehrlich and James Wolf for Respondent.

WILSON, J.—The question here is whether the court erred in refusing to award to a minor child a probate homestead from his father's estate in these circumstances: The child is the natural son of decedent and a former wife, having resided with and been in the custody of his mother at all times since her divorce from his father; decedent had remarried and left surviving him a widow and two minor children of the second marriage with whom he resided at the time of his decease;

decedent left at least one parcel of tenantable real property consisting of a building containing six apartment units and commercial store rooms.

This appeal is from the order denying the petition of the minor's guardian for the setting aside of a probate homestead to him during his minority.

The authority of the court to set apart a homestead from property of a decedent is found in section 661 of the Probate Code, the applicable part of which reads: "If none has been selected, designated, and recorded . . . the court, in the manner hereinafter provided, must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children, or, if there be no surviving spouse, then for the use of the minor child or children. . . ."

Pursuant to the code provision there are only two instances in which a homestead may be set apart, (1) "for the use of the surviving spouse and the minor children" or (2) if no spouse survives "then for the use of the minor child or children." When either of these conditions exists it is mandatory upon the court to set apart a homestead. (*Estate of Barkley,* 91 Cal.App. 388, 391 [267 P. 148]; *Estate of Mason,* 76 Cal.App. 315, 320 [244 P. 629].) However, when as in the instant case neither condition is present there is no authority for the awarding of a homestead since the right to a homestead is purely statutory. (*Estate of Branam,* 66 Cal.App.2d 309, 315 [152 P.2d 354].) When a spouse survives a homestead cannot be set apart for a minor child alone but it must be for such spouse and the minor child or children. Hence since decedent left a spouse who still survives, the minor son of the former marriage is not entitled to have a homestead set apart for his use.

Appellant contends that the right of a survivor to a probate homestead depends upon the decedent's duty to support such survivor, hence decedent's minor son is entitled to a homestead. (Decedent provided for his son's support in the property settlement agreement at the time of the divorce.) The cases cited do not support such contention. In *Estate of Brooks,* 28 Cal.2d 748 [171 P.2d 724], the court said (p. 750) that section 680 of the Probate Code relating to a widow's right to a family allowance and section 661 providing for a probate homestead are parallel and a determination as to her right to a family allowance is decisive of her right to a probate homestead. The decision had reference to the rights

of a surviving widow under express provisions of the statute. In *Estate of Wright*, 98 Cal.App. 633 [277 P. 372], there was no surviving spouse. In *Estate of Still*, 117 Cal. 509 [49 P. 463], the applicant for the homestead was the sole minor child of the decedent and there was no surviving spouse since by his mother's remarriage she lost her right to a homestead (p. 514). In *Estate of Pohlmann*, 2 Cal.App. 360 [84 P. 354], the homestead was set apart to minor children who had no parent.

Since the right to a probate homestead is statutory and since the minor on whose behalf the petition was made is not a person to whom the Probate Code gives such right the court did not err in denying the petition.

Order affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 20, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1952.