64 301
82 366

MARY E. KING, Respondent, v. EXECUTOR OF W. R. KING, Appellant.

Kansas City Court of Appeals, January 6, 1896.

Administration: YEAR'S PROVISION FOR FAMILY: WIDOW'S CONDUCT: CONSTRUCTION. The provisions for the widow and children under sections 105 and 106, Revised Statutes, 1889, are not dependent on the past and present good conduct of the wife and it is not the province of the courts to add to or detract from its clear import and meaning.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Davis & Duggins* for appellant.

We contend that she has forfeited her right, as widow, to claim the provisions provided by statute. This question has never been passed upon by the courts of this state, but has been settled in other states in favor of appellant. *Spiers' Appeal*, 26 Pa. St. 233; *Estate of Coates*, 12 Phil. 171; *Nye's Appeal*, 126 Pa. St. 341; *Ordiorne's Appeal*, 54 Pa. St. 175; *Estate of Noah*, 73 Cal. 583; Thompson on Homesteads and Exemptions, section 914.

*Boyd & Murrell* for respondent.

(1) The fact that the respondent was not living with her husband at the time of his death does not deprive her and her children of the provisions made for them by sections 105 and 106. *Brown v. Brown's Adm'r*, 68 Mo. 388; *Whitehead v. Tapp*, 69 Mo. 415; *Dobson v. Butler*, 17 Mo. 87; *Weindel v. Weindel*, 126 Mo. 640. (2) The property mentioned in section 105 is the

absolute property of the widow and the husband has no power to dispose of the same by will. *Hasenritter v. Hasenritter*, 77 Mo. 162; *Hastings v. Meyer*, 21 Mo. 519; *Mowser v. Mowser*, 87 Mo. 437; *Whitehead v. Tapp*, 69 Mo. 415; *Whaley v. Whaley*, 50 Mo. 577.

GILL, J.—The plaintiff, as the widow of W. R. King, deceased, filed her petition in the probate court, asking an allowance out of her deceased husband's estate for the year's supply of provisions, etc., provided for in sections 105 and 106, Revised Statutes, 1889. She had judgment in both the probate and circuit courts and the executor appealed.

Mary E. and W. R. King were married in 1862 and lived together as husband and wife in Saline county, Missouri, till the year 1889, when the plaintiff abandoned her said husband and instituted a suit for. divorce. She failed in the action; but, retaining the custody of their three joint infant children, she, with them, continued to live apart from her husband until his death in March, 1894. The agreed case admits that the husband died possessed of a large real and personal estate and "that the grain, meat, vegetables and other provisions for which allowance is asked herein, were not on hand belonging to said estate, at the time of taking the inventory therein, and it is further stipulated, that if the judgment herein is for plaintiff, said judgment shall be for the sum of $600, and that there is sufficient personal estate now in the hands of said executor to pay said sum of $600."

Plaintiff's claim is based on sections 105 and 106 of our administration statute. The language of section 105 is as follows: "In addition to dower, the widow shall be allowed to keep as her absolute property, * * * all grain, meat, vegetables, groceries, and other provisions on hand and provided and necessary for the

subsistence of the widow and her family for twelve months," etc. And section 106 provides, that if such articles are not on hand, the probate court shall make reasonable appropriations out of the assets of the estate to supply such deficiency.

Defendant's contention is that, as the plaintiff was not living with her husband at the date of his death, and her abandonment of him was without any apparent legal cause or excuse, she had forfeited her right as widow to claim the benefit of the foregoing statutory provisions.

We are not inclined to favor this view. The statute is definite and plain, and it is not our province to add to or detract from its clear import and meaning. It declares, in unequivocal language, that on the death of the husband, the wife shall be entitled absolutely to sufficient grain, meat, provisions, etc., to maintain herself and family for the period of twelve months; and if there be not a sufficiency on hand, at the making of the inventory, then it is made the duty of the court to supply the same by a reasonable appropriation out of the other assets of the estate. This right to a year's supply is not made to depend on the past or present good conduct of the wife; the statute has not said that the widow should be so entitled, *on condition* that she had lived with the husband continuously and was cohabiting with him at the date of his death. No such *provisos* or *conditions* have been attached to the statute by the law makers, and it ill becomes the courts, under the guise of construing a statute, to qualify its plain provisions. The plaintiff, Mrs. King, comes into court as the *widow* of her deceased husband; the statute declares her rights, and the courts have nothing to do but obey and award her claims according to its terms.

Though not directly in point, we consider the case of *Mowser v. Mowser*, 87 Mo. 437, applicable and as

fully sustaining plaintiff's claim. After the death of her husband, Mrs. Mowser applied to the probate court for an allowance under section 107, Revised Statutes, 1889, which provides that, "in addition to the above, the widow may take such personal property as she may choose, not to exceed the appraised value of $400, for which she shall give a receipt." In that case, as here, the attempt was made to defeat Mrs. Mowser's claim, because she had, without cause, abandoned her husband and was not living with him at his death. But the court held that: "Notwithstanding she abandoned her husband, and without any sufficient reason, still she is entitled to the property or its value claimed by her. She was his *wife* to the day of his death. The courts will not try divorce suits after one of the parties to the marriage is dead."

We have examined the authorities cited by defendant, and some of them (especially the Pennsylvania cases) seem to sustain his position. We have not before us, however, the statute upon which such decisions are based. All we can say is, if the statute law of Pennsylvania was the same as ours in this regard, then we must decline to treat these cases as good authority. The tendency of our courts is to give these statutes, relating to dower, homestead and for the maintainance of the widow and her family, a liberal construction, while the decisions above referred to seem inclined to the contrary.

The judgment below was for the right party and will be affirmed. All concur.