[S. F. No. 5401. Department Two.—September 29, 1910.]

In the Matter of the Estate of FRIEDRICH BOSE, also known as JOHANN FRIEDRICH BOSE, Deceased. BERTHA BOSE, Appellant, v. MAUD BOSE, and M. J. HYNES, Administrator, etc., Respondents.

ESTATE OF DECEASED PERSON—WIDOW LIVING APART FROM HUSBAND— ABANDONMENT—ESTATE LESS THAN ONE THOUSAND FIVE HUNDRED DOLLARS IN VALUE.—The fact that a wife voluntarily left her husband within one week after their marriage, and about two years prior to his death, without any agreement as to property rights, and during such interval had no communication with him, if it did not constitute an abandonment of him, at least relieved him from liability for her support. Under such circumstances, she was not a member of his family at the time of his death, and was not entitled, under section 1469 of the Code of Civil Procedure, to have his estate, of less value than one thousand five hundred dollars, set aside to her.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside an estate of less than fifteen hundred dollars to the widow of the deceased. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Bishop, Hoefler, Cook & Harwood, for Appellant.

Edwin J. Hanson, for Respondent, Maud Bose; Cullinan & Hickey, and John J. O'Toole, for Respondent Administrator.

HENSHAW, J.—The deceased died intestate. The court having found that the estate was of less value than one thou-

sand five hundred dollars, entered its decree assigning all of the estate to the widow, there being no minor children. The appellant is the mother of deceased, and under the law of succession would be entitled to share in the estate equally with the widow. (Civ. Code, sec. 1386.) She appeals upon the ground that section 1469 of the Code of Civil Procedure, under which distribution was made to the widow, is designed exclusively to make provision for the maintenance and support of the family of the deceased, and that it was affirmatively shown that the widow in this instance was not a member of the family, she having voluntarily separated from the deceased two years before his death and within one week after her marriage to him. Section 1469 of the Code of Civil Procedure touching this matter has received interpretation and construction in the *Estate of James W. Miller, Deceased* (S. F. 5332), *ante,* p. 420, [111 Pac. 255], this day filed. By the testimony of the widow herself it is shown that she married decedent on September 12, 1906, after an acquaintanceship of two weeks; that it was "a case of love at first sight on his side;" that they "could not get along very well; just decided that they could not get along:" that they separated one week after the marriage; nothing was said about property rights and that she "just went her way" and never heard from him again; never received anything from him. Although she afterward endeavored to communicate with him by letter, the letters did not reach him, and she made no other effort to locate him. If this does not establish an abandonment of the husband by the wife, it at least presents a case where the husband was not liable for the wife's support, she living separate from him by agreement, and no support having been stipulated in the agreement. (Civ. Code, sec. 175.) It is beyond question that the widow under such circumstances did not constitute a part nor was she a member of the husband's family.

Wherefore it was error to distribute to her the estate of deceased. The decree doing so is therefore reversed, with directions to the trial court to deny the widow's petition.

Lorigan, J., and Melvin, J., concurred.