[Civ. No. 4964. First Appellate District, Division Two.—October 29, 1924.]

In the Matter of the Estate of HUGO BREITTER, Deceased. LOUISE BREITTER, Appellant; JENNIE M. BATES, Executrix, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—RIGHT TO FAMILY ALLOWANCE—SEPARATION OF SPOUSES.—The right of the surviving wife to a reasonable family allowance for herself and a minor child, under the provisions of section 1464 of the Code of Civil Procedure, is not affected by the fact that both she and said child had been living separate and apart from the deceased for a period of almost two years prior to his death.

[2] ID.—ENTRY OF INTERLOCUTORY DECREE—RIGHT OF WIDOW TO ENTIRE ESTATE.—The right of the surviving wife to have the entire estate of the deceased, where the net value thereof does not exceed two thousand five hundred dollars, set aside to her and a minor son, under the provisions of section 1469 of the Code of Civil Procedure, is not affected by the fact that about six months prior to the death of the husband an interlocutory decree of divorce had been entered, that the rights of the parties to the community property had therein been determined, that the custody of the minor child had been awarded to the wife and provision made for his support by the husband, and that after the entry of the interlocutory decree the parties continued to live separate and apart, where the separation of the parties was established by the court in the divorce action to have been caused by the cruelty of the husband, through no fault of the wife, and to have been caused by reasons constituting a sufficient ground for divorce in her favor.

(1) 24 C. J., p. 255, sec. 819.     (2) 24 C. J., p. 256, sec. 820.

APPEAL from orders of the Superior Court of the City and County of San Francisco denying an application to have entire estate set aside to widow and denying her application for family allowance. Frank H. Dunne, Judge. Reversed.

The facts are stated in the opinion of the court.

1. See 11 Cal. Jur. 497.
2. See 11 Cal. Jur. 541.

Harry I. Stafford and W. F. Stafford for Appellant.

Carl W. Mueller and Alfred Fuhrman for Respondents.

LANGDON, P. J.—This is an appeal by Louise Breitter from orders of the superior court in the matter of the estate of Hugo Breitter, denying her application to have the estate of said deceased set aside to her under section 1469 of the Code of Civil Procedure, and denying her application for a family allowance for herself and her minor child.

The decedent, in his lifetime, had been the husband of Louise Breitter, and there was a minor son, the issue of said marriage, at the time the orders appealed from were made. However, on January 25, 1923, the wife was granted an interlocutory decree of divorce from the husband. In said decree the community property was divided as follows: Six hundred dollars was granted to the husband, as and for his separate property, and the balance of the community property, including the household furniture, was awarded to the wife. The care and custody of the minor son was awarded to the wife, and the husband was ordered to pay to her thirty dollars each month for the support of said child. Hugo Breitter died, testate, upon June 27, 1923, leaving all his property to said minor son and to an adult daughter by a former marriage, share and share alike. The will was duly admitted to probate and, thereafter, Louise Breitter filed a petition to have the entire estate of said decedent set aside to her and her minor son under the provisions of section 1469 of the Code of Civil Procedure. She also filed a motion for a family allowance to her and her minor son under the provisions of section 1464 of the Code of Civil Procedure. Both motions were denied.

The record discloses that the entire estate of decedent was of the value of $1,796. The petitioner's motions were denied upon the theory that petitioner and her minor son had lived separate and apart from decedent since September, 1921, and had not been a part of his family after that date.

Section 1469 of the Code of Civil Procedure provides: "If a deceased person leaves a widow or minor child or minor children and upon the return of the inventory of the estate of such deceased person it shall appear to the court or a judge thereof . . . that the net value of the whole estate

of said deceased . . . does not exceed the sum of two thousand five hundred dollars, the court, or a judge thereof, shall, by order, require all persons interested to appear on a day fixed to show cause why the whole of said estate should not be assigned for the use and support of the family of the deceased.''

[1] Section 1464 of the Code of Civil Procedure reads: ''When a person dies leaving a widow or minor children, the widow or children . . . are also entitled to a reasonable provision for their support, to be allowed by the superior court, or a judge thereof.''

Appellant relies upon the *Estate of Gould*, 181 Cal. 11 [183 Pac. 146], in which it was said: ''When a person dies leaving a widow, under section 1464 of the Code of Civil Procedure, such widow is entitled to a reasonable provision for her support to be allowed by the superior court or a judge thereof. This provision is not conditioned upon her having lived in a family relation with her husband at the time of his death. It follows, therefore, that the right of Nettie Gould to a family allowance must be determined independently of the circumstance that she had not lived with Frank H. Gould for some years prior to his decease. (*Farris* v. *Battle*, 80 Ga. 187 [7 S. E. 263], approved in *Smith* v. *Smith*, 112 Ga. 351 [37 S. E. 407]; *King* v. *Executor of King*, 64 Mo. App. 301.)''

*Estate of Gould, supra,* presents many features similar to the instant case. An interlocutory decree of divorce had been obtained by the wife and the community property had been disposed of therein. Shortly afterward the husband died and the wife sought a family allowance. The question of the right of the wife arose in connection with an order under section 1464 of the Code of Civil Procedure, which section is also involved upon this appeal.

[2] With reference to the other order involved in the present appeal—the order refusing to assign the entire estate to the wife and minor son under the provisions of section 1469 of the Code of Civil Procedure—the appellant urges that the *Estate of Gould, supra,* also controls. Certainly, the reasons governing the determination of whether or not the widow must have been a member of decedent's family at the time of his death to be entitled to a family allowance

under section 1464 of the Code of Civil Procedure, and the determination of the same question upon an application under section 1469 of the Code of Civil Procedure, should be the same. Both sections are contained in the same chapter and are evidently intended to apply to the same situation. Respondent, however, relies upon the case of *Estate of Miller*, 158 Cal. 420 [111 Pac. 255], in which it was said, concerning an application made under the provisions of section 1469 of the Code of Civil Procedure, that the rule of decision under similar statutes in other states "has been uniform that the widow, to take, must come within the definition of 'family,' must have been a member thereof, or at least must, without fault of her own, have been entitled to maintenance and support from the husband during his lifetime."

We think the Miller case is distinguishable from the Gould case. In the Miller case the wife had not secured an interlocutory decree of divorce from the husband, and the trial court set aside the estate to her as the widow, although she was not a member of the family of deceased at the time of his death. The application for this order was resisted by a legatee under the will of decedent, in which will it was declared by the testator that his wife had abandoned him and refused to live with him, and certain evidence was offered by said legatee to support these declarations of the will, which evidence was refused by the trial court. Upon appeal it was held that this ruling was error and that the evidence should have been received. The language of the opinion is to the effect that the estate should not be set apart to a widow where she was not living in a family relation with her husband at the time of his death, *unless her separation was involuntary and through no fault of hers or was based upon reasons constituting a sufficient* ground for divorce. It is emphasized that this provision of the statute is for the protection of those who are entitled to support from the decedent at the time of his death. Evidence that the wife had abandoned her husband and refused to live with him without just cause would also be evidence that she was not entitled to support from him and that the separation was not forced upon her nor caused by reasons sufficient to warrant divorce. But the fact that the court, in the Miller case, reached the conclusion that upon evidence that

the separation was due to her fault, the wife would not be entitled to an allowance, does not make it in conflict with the Gould case, for in the latter case there was an interlocutory divorce in favor of the wife, which was evidence of the fact that her separation from her husband was based upon grounds sufficient for divorce. Therefore, the question of what the wife's rights would have been had a contrary showing been made as to culpability in disrupting the family relationship was not involved in the Gould case, but was considered and settled in this state in the Miller case.

In the instant case the record discloses that the separation of the parties was established by the trial court in the divorce action to have been caused by the cruelty of the husband, through no fault of the wife, and to have been caused by reasons constituting a sufficient ground for divorce. In that important particular the case is different from the situation in the Miller case, where it appeared that the parties were not divorced and no showing was made to justify the wife in living apart from her husband.

It appears to us that the *Estate of Miller, supra,* presents a situation different in principle from the one which we are here considering, and that the *Estate of Gould, supra,* considers all the elements involved in the instant case and is, therefore, decisive upon this appeal.

The orders appealed from are reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.