[L. A. No. 12773. In Bank.—February 9; 1932.]

In the Matter of the Estate of EDWARD BIDIGARE, Deceased. H. ADELINE BIDIGARE, Respondent, v. FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO, as Executor, etc., Appellant.

Arthur T. French for Appellant.

Shreve, Abbey & Shreve for Respondent.

SHENK, J.—This is an appeal from an order granting to the petitioner an allowance of $100 per month from the estate of Edward Bidigare, her deceased husband.

The petitioner and decedent were married on September 9, 1927, and separated prior to February 11, 1930. On the last date they entered into a property settlement under the terms of which the decedent agreed to pay to the petitioner $500. She in turn conveyed certain property to him. In the agreement is the following provision: "It is hereby agreed that, except as herein specified, each party hereto is hereby released and absolved from any and all obligations and liabilities for the future acts and duties of the other, and that each of said parties hereby releases the other from any and all liabilities, debts or obligations of any kind or character incurred by the other from and after this date, and from any and all claims and demands, including all claims of either party hereto upon the other for support and maintenance as wife or husband, or otherwise, it being understood that this instrument is intended to settle the rights of the parties hereto in all of said respects."

On the day the agreement was signed, the petitioner commenced an action for divorce against the decedent. On

February 18, 1930, she was granted an interlocutory decree of divorce on the ground of extreme cruelty in which the property settlement was approved by the court.

The husband died on April 21, 1930. The appellant was appointed executor of his last will and caused an inventory and appraisement to be filed. Thereafter the widow filed her petition for a family allowance. On the hearing of the petition the court found that the separation of the spouses was caused by the husband's inhuman treatment of his wife, amounting to extreme cruelty, and that the petitioner was in poor health and without funds with which to support herself.

The sole question presented on the appeal is whether the petitioner waived her right to ask for a family allowance by reason of the above-quoted provision of the property settlement agreement. It is not disputed that the wife may, by her agreement, waive such right. It is well established, however, that in order to bar a family allowance the intention to waive the right must be clear and explicit, and that any uncertainty in the language of the agreement will be resolved in favor of the right. (*Estate of Whitney,* 171 Cal. 750 [154 Pac. 855]; *Estate of Gould,* 181 Cal. 11 [183 Pac. 146].)

The agreement here in question does not in terms waive or purport to waive any claim as surviving widow, as was the case in *Estate of Yoell,* 164 Cal. 540 [129 Pac. 999]. By the agreement each party is released from ''any and all claims and demands including all claims of either party hereto upon the other for support and maintenance as wife or husband, or otherwise''. No provision of the contract suggests that the parties had in contemplation the death of the husband before the entering of the final decree of divorce. The release of claims and demands of one against the other would seem to refer to claims and demands between them as living spouses. The claim of the widow here asserted is against the estate of the decedent and not against him. The words ''or otherwise'' should not, we think, be held to extend the waiver to a claim for family allowance but should be held to refer to the claims mentioned in the clause in which they are found, viz., claims between them as husband and wife. These words used in the agreement, instead of being plain and explicit evidence of waiver,

tend to the uncertainty which is not permitted to control in cases of this kind.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., Waste, C. J., and Preston, J., concurred.

Rehearing denied.