[Civ. No. 3013. Fourth Dist. Apr. 27, 1942.]

Estate of THOMAS EUGENE McCOY, Deceased. MILDRED M. McCOY, Appellant, v. N. C. HOUZE, as Administrator, etc., Respondent.

484

Chas. F. Blackstock and Wm. A. Reppy for Appellant.

Fred Fischer for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from an order denying appellant's petition for a family allowance. The admitted facts are as follows:

Appellant and Thomas E. McCoy, now deceased, were husband and wife. They had no children. Appellant had procured an interlocutory decree of divorce under a complaint charging him with extreme cruelty. Prior to the rendition of said decree appellant and deceased executed a property settlement agreement the terms of which, so far as material here, are as follows:

"The settlement of community property rights effected by this instrument shall continue to be binding upon the parties, regardless of whether or not they shall hereafter live together as husband and wife and regardless of whether or not a decree of divorce may be granted for or against either party. . . .

"Each party to this agreement in consideration of the covenants and considerations above set forth hereby expressly waives his or her right to administer the property or estate of the other party in the event of his or her death; each party hereby waives any claim to inherit any share or portion of the estate of the other, by heirship, descent, succession or otherwise, unless by the will of the decedent. . . .

". . . each party specifically discharges the other from all liability for maintenance as husband or wife, or otherwise, in consideration of the covenants and transfers of property herein set forth, each party hereby waives and releases the other from all claim, other than as herein stated, to alimony, support money, . . .

"The parties agree . . . that this instrument constitutes a full and complete settlement between the parties of all of their property rights, and of all claims of either party arising out of the marital relation of the parties."

During the interlocutory period appellant's husband died.

Appellant expects to receive about $6,000 from a policy of insurance on the decedent's life. By the property settlement agreement decedent had a right to change the beneficiary of this policy which he did not do. When appellant and decedent were living together he earned approximately $200 a month, all of which was consumed in living expenses. Since her husband's death appellant worked two weeks, found it too strenuous, and had to stop. Appellant has no separate income.

The right to a family allowance is covered by section 680 of the Probate Code, which is based on the former section 1466 of the Code of Civil Procedure, and which reads as follows:

"The widow and minor children are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent."

The sole question presented on this appeal is whether appellant waived her right to ask for a family allowance by reason of the above-quoted provisions of the property settlement agreement. It is not disputed that the wife may, by her agreement, waive such right. It is well established, however, that in order to bar a family allowance the intention to waive the right must be clear and explicit, and that any uncertainty in the language of the agreement will be resolved in favor of the right. (*Estate of Whitney*, 171 Cal. 750 [154 Pac. 855];

*Estate of Gould,* 181 Cal. 11 [183 Pac. 146] ; *Estate of Bidigare,* 215 Cal. 28 [8 P. (2d) 122].)

Appellant contends that she did not waive her right to a family allowance by said agreement and cites *Estate of Bidigare, supra,* as being a case in which "almost the identical situation was considered by the Supreme Court." In that case the property settlement agreement was signed on February 11, 1930, the wife was granted an interlocutory decree on February 18, 1930, and the husband died on April 21, 1930. The widow filed a petition for a family allowance and the appeal was from the court's order granting the same. The property settlement agreement involved in the cited case read as follows:

"It is hereby agreed that, except as herein specified, each party hereto is hereby released and absolved from any and all obligations and liability for the future acts and duties of the other, and that each of said parties hereby releases the other from any and all liabilities, debts or obligations of any kind or character incurred by the other from and after this date and from any and *all claims and demands, including all claims of either party hereto upon the other for support and maintenance as wife or husband, or otherwise,* it being understood that this instrument is intended to settle the rights of the parties hereto in all of said respects." (Italics added.)

In affirming the judgment the court said at page 30:

"The agreement here in question does not in terms waive or purport to waive any claim as surviving widow, as was the case in *Estate of Yoell,* 164 Cal. 540 [129 Pac. 999]. By the agreement each party is released from 'any and all claims and demands including all claims of either party hereto upon the other for support and maintenance as wife or husband, or otherwise'. No provision of the contract suggests that the parties had in contemplation the death of the husband before the entering of the final decree of divorce. The release of claims and demands of one against the other would seem to refer to claims and demands between them as living spouses. The claim of the widow here asserted is against the estate of the decedent and not against him. The words 'or otherwise' should not, we think, be held to extend the waiver to a claim for family allowance but should be held to refer to the claims mentioned in the clause in which they are found, viz., claims between them as husband and wife. These words used in the agreement, instead of being plain and explicit evidence of

waiver, tend to the uncertainty which is not permitted to control in cases of this kind."

Appellant also cites *Estate of Shapero,* 39 Cal. App. (2d) 144 [102 P. (2d) 569], In that case decedent and respondent entered into an antenuptial agreement by the terms of which it was agreed that "as an integral part hereof, and in consideration of all mutual covenants contained herein, that both parties hereby release each other, waive and relinquish all rights, interest or claims against the other for any alimony, attorney's fees or costs in connection with any possible litigation there may be between them and arising out of, or in connection with their domestic relations, or otherwise, which may happen between them at any time during their married life, including also all rights of inheriting, administration, homestead or otherwise, whatever . . ." After the death of the husband the widow petitioned for a family allowance and the appeal was from the order granting such family allowance, the contention of appellant being that the widow by the terms of the antenuptial agreement had waived her right to a family allowance. The District Court of Appeal affirmed the order and a hearing was denied by the Supreme Court.

In *Estate of Yoell,* 164 Cal. 540 [129 Pac. 999], the property settlement agreement contained the following language:

"It is further expressly covenanted and agreed that neither party hereto will in any way or manner contest or oppose the probate of the other's will, whether heretofore or hereafter made, or interfere with the other, their heirs or assigns, in the exercise of the rights of property herein stipulated and agreed to; that neither of them will at any time hereafter assert any right, interest, or title as heirs at law of the other to any property devised or bequeathed by such will, or as against the estate of the other, should the other die intestate and all claim as such heir, or as surviving husband and wife, respectively, and all right to contest or oppose the last will of the other is hereby expressly waived, together with all right to administer or to apply for letters of administration, or letters of administration with the will annexed, upon the estate of the other. . . ."

The Supreme Court in passing upon the question as to whether the widow had waived her right to a family allowance said:

". . . To establish such relinquishment of right, no more apt words could be chosen than those deliberately employed

in the agreement under consideration. True, it does not in terms and by name relinquish the right to a family allowance, but it does more than this. The wife covenants that she has renounced and waived all claim which she has or may have as *heir* of the husband or as his *surviving wife*. It is only as heir and surviving wife that she could make her demand for a family allowance, a demand which she has solemnly renounced.''

It will be noted that the question of whether or not the right to a family allowance has been waived by an antenuptial or postnuptial property settlement agreement is a matter of construction and interpretation. General statements contained in decisions cannot always be taken at their face value but must be considered in connection with the language used in the contract construed in the opinion. The provisions of each agreement must be examined critically, as the question of waiver or nonwaiver depends sometimes on a slight difference in phraseology. And, as was stated in *Estate of Whitney, supra*:

''So, too, the wife may, by agreement, surrender the privilege of applying for an allowance. Whether the right to demand an allowance is inconsistent with the will, or has been surrendered, is a question of interpretation of the will or the contract. In the case of a contract, we think the right should not be held to have been surrendered by an agreement between the spouses 'except by clear and explicit language.' ''

Applying the rules hereinbefore set forth to the particular contract involved in the instant case, we believe it must be held that appellant, in and by said agreement, intended to and did waive her right to a family allowance. The language used in the contract under consideration is far more inclusive than the language used in any of the cases in which it was held that the right to a family allowance was not waived. It is clear from the agreement that appellant and deceased intended to settle all present and future rights as against each other and against their respective estates. Each party in said agreement waived all right to administer the estate of the other and all claim to inherit any part of the estate of the other; and each party discharged the other from all liability for maintenance of the other; and, finally, both parties agreed that said agreement ''constitutes a full and complete settlement between the parties of all of their property rights, and

*of all claims of either party arising out of the marital relation of the parties."* (Italics ours.)

We conclude, therefore, that taking the agreement as a whole, and applying to it the elementary rules of construction, appellant in and by said agreement waived her right to a family allowance, and that the trial court did not err in denying her petition therefor.

The order denying appellant's petition for a family allowance is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1942.