[Civ. No. 12092.    First Dist., Div. One.    July 10, 1942.]

Estate of ROBERT E. EGELINE, Deceased. MAZIE EGE-LINE, Appellant, v. WM. G. HAGELSTEIN, as Administrator With the Will Annexed, etc., Respondent.

Gerald L. Shannon for Appellant.

Tebbe & Correia for Respondent.

GOODELL, J. pro tem.—This is an appeal from orders denying the petitions of Mazie Egeline for (a) a family

allowance, (b) the setting apart to her of a probate homestead, and (c) the setting apart to her of certain personal property exempt from execution.

The decedent, Robert E. Egeline, and the appellant, Mazie Egeline, had been married for some years. In 1937 he filed a complaint for divorce against her. They were already separated, and summons was served upon the wife by publication. She defaulted, and on April 5, 1938, an interlocutory judgment was awarded to the husband on the ground of her extreme cruelty from which no appeal was taken. On March 16, 1939, the husband died.

As in the *Estate of Ruiz,* just decided, *ante,* p. 363, [127 P. (2d) 945] the appellant is, of course, the decedent's widow, and the record shows that she has no income except that produced by her own labor; she is therefore within the letter of sections 660 and 680 of the Probate Code.

In this case a property settlement agreement was entered into the day after the hearing of the case, wherein the community property therein inventoried (with the exception of certain articles of wearing apparel and of personal adornment assigned to the wife), was transferred to the husband as his separate property. This was followed by a deed from wife to husband quitclaiming the same property. The agreement expressly provided for a separation of the parties. The interlocutory judgment approved and confirmed the settlement.

The appellant states the two questions involved herein as follows:

"1. Does a property settlement in which no specific waiver of widow's rights appear, forfeit the rights of the widow to a widow's allowance, probate homestead, and the setting aside of exempt property?

"2. Can a finding in a judgment in a divorce action, in which the defendant was served by publication, bind the defendant in a probate proceeding in which the defendant in the divorce action is the widow petitioning for a family allowance, setting aside the probate homestead, and the setting aside of exempt property?"

■ With respect to the first question: The language of the agreement is that the community property therein transferred to the husband "shall belong to the said husband as his personal estate and free from all rights of the said

wife.'' It is not necessary to answer. or decide this question for we are satisfied that the answer to the second—which must be in the affirmative—is decisive of this appeal. The respondent relies upon *Estate of Fulton,* 15 Cal. App. (2d) 202 [59 P. (2d) 508], cited and discussed by us in *Estate of Ruiz, supra.* In the Ruiz case, wherein the Fulton case was followed, we held that where it had been judicially determined that the marriage should be dissolved under conditions rendering the husband no longer liable for the wife's support, the surviving wife—although technically within the letter of section 680 Probate Code—was not entitled to a family allowance. Here, as in the Ruiz case, the husband was awarded the decree on the ground of his wife's extreme cruelty. The two cases are not distinguishable.

For the reasons and upon the authorities appearing in *Estate of Ruiz, supra,* and in *Estate of Fulton, supra,* the three orders appealed from are. and each of them is, affirmed.

Peters, P. J., and Ward, J., concurred.