[Civ. No. 3169.   Fourth Dist.   Jan. 18, 1945.]

Estate of NAJEEB M. MALOUF, Deceased.   MARY MALOUF, Appellant, v. O. R. WILLETTE, as Guardian, etc., Respondent.

West & Vizzard for Appellant.

Harvey, Johnston & Baker and H. E. McCombie for Respondent.

MARKS, J.—This is an appeal from a decree denying appellant's petition to have the estate of Najeeb M. Malouf set aside to her.   Appellant is his widow and Viola Malouf is their minor daughter who was made a beneficiary under the will of deceased.

It was found by the trial court that the total value of the estate of deceased did not exceed $2,500, and that appellant's estate did not exceed $5,000 in value.   Both were of the appraised value of less than those amounts.   The truth of these facts is not questioned.

On February 10, 1943, appellant obtained an interlocutory decree of divorce from Najeeb M. Malouf on the ground of

extreme cruelty. She was given the family furniture and two-thirds of the community real estate. An automobile and the remaining one-third interest in the real estate was given to Najeeb who was also given the custody of Viola. Najeeb was not required to pay appellant anything for her support, the interlocutory decree being silent on that subject.

Najeeb died on April 29, 1943, more than sixty days after the entry of the interlocutory decree of divorce, from which no appeal had been taken.

The trial court found that appellant and Najeeb were living separate and apart at the time of his death, and that since the rendition of the interlocutory decree he had not contributed to her support. The conclusion was drawn that at the time of his death "the deceased was under no legal obligation to support his wife, and that said petition ought to be denied." There is nothing indicating that appellant had waived by contract any of her rights as a widow given by our statutes.

The decree in question is based on the theory that appellant was not a member of the family of the deceased, although his widow, at the time of his death and, therefore, was not entitled to any of the benefits conferred on a widow by sections 640, et seq., of the Probate Code.

Counsel seek to support this holding by the citation of such cases as *Estate of Miller,* 158 Cal. 420 [111 P. 255]; *London Guarantee & Accident Co., Ltd.* v. *Industrial Acc. Com.,* 181 Cal. 460 [184 P. 864]; *Estate of Fulton,* 15 Cal.App.2d 202 [59 P.2d 508], and *Estate of Ruiz,* 53 Cal.App.2d 363 [127 P.2d 945].

In each of those cases, except one, it is held that a wife forfeited the benefits provided for her by sections 640 to 684, inclusive, of the Probate Code, when, through her own fault or misconduct, she is living separate and apart from her husband, or by contract has waived the right to support by him and to participate in his estate.

We have no such situation here. The interlocutory decree of divorce was granted to the wife because of the extreme cruelty of her husband. We must therefore assume that the separation was not caused by any voluntary act or the misconduct of appellant but by mistreatment by her husband. (*Estate of Ruiz, supra.*) There was no contract settling their

property rights nor waiving her right of support from his estate.

Under these circumstances it is generally held that the widow is entitled to have an estate of less than $2,500 in value set aside to her where she does not possess an estate of the value of $5,000. (Prob. Code, §§ 640 to 646, inc.) The following cases support this rule: *Estate of Breitter,* 69 Cal. App. 424 [231 P. 351]; *Estate of Gould,* 181 Cal. 11 [183 P. 146]; *Estate of Boeson,* 201 Cal. 36 [255 P. 800]; *Estate of Woodburn,* 212 Cal. 683 [300 P. 22].

The foregoing rule is recognized in the cases relied upon by respondent. (See *Estate of Miller, supra; Estate of Fulton, supra; Estate of Ruiz, supra.*)

*London Guarantee & Accident Co., Ltd.* v. *Industrial Acc. Com., supra,* contains language supporting the judgment before us. However, it really turned on the language of the Workmen's Compensation Act which is not involved in this proceeding so it cannot be considered controlling here.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.