[Civ. No. 22656.   First Dist., Div. One.   Dec. 8, 1965.]

Estate of HELEN ALBA, Deceased.   STANLEY A. BIERNAT et al., Claimants and Respondents, v. LEWIS ALBA, Petitioner and Appellant.

Monaco, Ice & Reeve and Harold B. Reeve for Petitioner and Appellant.

Edward E. Heavey for Claimants and Respondents.

MOLINARI, J.—Appellant, Lewis Alba, appeals from the judgment in favor of respondents, Stanley A. Biernat (as trustee for his minor children) and Ruth M. Keegan, adjudging that respondents are entitled to receive their respective bequests of $10,000 each from the estate of Helen Alba under the provisions of her will and that said bequests are to be paid from the sale of decedent's one-half undivided interest in certain property situated in Redwood City. The sole issue presented on this appeal is whether the trial court properly denied appellant's petition seeking to have this property set aside as a probate homestead, this determination in turn making the subject property, which was the sole asset in dece-

dent's estate, available for satisfaction of decedent's bequests to respondents. We have concluded that the trial court erred and that it should have set aside a probate homestead to appellant.

### The Record[1]

Appellant and decedent were husband and wife and remained married until decedent's death.[2] During the marriage each of the spouses worked and they acquired three parcels of real property, each of which was held in joint tenancy. On April 4, 1962 appellant and decedent consulted an attorney for the purpose of having a will drawn for each of them. On April 10, 1962, after further consultation with their attorney and for the purpose of creating some estate upon which a will could act, appellant and decedent changed their ownership in one of the three parcels of realty from that of joint tenancy to tenancy in common. No change in the ownership of the other two parcels held in joint tenancy was effected, however. On this same date, decedent executed the will which was in effect at the time of her death. In this will decedent bequeathed $10,000 to the children of Stanley Biernat, her son by a former marriage, and $10,000 to her sister, Ruth M. Keegan, and provided that the residue of her estate was to go to appellant. At the time of decedent's death the only asset in her estate consisted of her one-half undivided interest in the aforementioned property which she and appellant had converted into a tenancy in common. The appraised value of this interest was $14,000, the total appraised value of the subject property being $28,000.

On March 19, 1964 appellant petitioned the court below for an order setting aside the subject property held by him and decedent as tenants in common as a probate homestead. This petition was heard at the same time as respondents' petition for a decree determining interests in decedent's estate. At the hearing it was established, in addition to the foregoing facts, that the subject property was the residence of appellant

---

[1]The record in this case consists of the settled statement provided for in rule 7(b) of the appellate rules of the California Rules of Court in lieu of both the reporter's and clerk's transcripts.

[2]The record does not indicate the date of decedent's death. In their brief respondents state that decedent died in January 1963. Although the condensed statement of oral proceedings does not indicate whether there were any children the issue of the marriage between appellant and decedent, it appears from the verified petition for a probate homestead that the relatives surviving decedent are her husband, her sister, and a son by a previous marriage. In the light of the record, since no claim is made that there were minor children the issue of the marriage, we are entitled to assume that there were no such children.

and decedent up to the time of decedent's death and continued to be appellant's residence after his wife's death, and that neither appellant nor decedent had selected a homestead during the latter's lifetime. At the conclusion of the hearing, the trial court determined that respondents, as legatees under decedent's will, were entitled to reeive their respective bequests of $10,000 from decedent's one-half undivided interest in the subject property, and that appellant was not entitled to a probate homestead in this property.

### Appellant's Right to a Probate Homestead

Probate Code section 661,[3] which concerns itself with the setting apart of a probate homestead where none has been designated during the decedent's lifetime, provides in relevant part as follows: "If no homestead has been selected, designated and recorded, . . . the court, in the manner hereinafter provided, must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse and the minor children. . . ." Under this section, it has been held that the duty of the probate court to set aside a homestead is mandatory (*Estate of Ronayne*, 104 Cal.App.2d 53, 57-58 [231 P.2d 105]; *Estate of Rosenaur*, 107 Cal.App.2d 461, 462 [237 P.2d 17]; *Estate of Shively*, 145 Cal. 400, 402 [78 P. 869]) and that the right of the applicant to a probate homestead is paramount to all others even though its assertion would absorb the entire estate. (*Estate of Nelson*, 224 Cal.App.2d 138, 144 [36 Cal.Rptr. 352]; *Estate of Davis*, 86 Cal.App.2d 263, 265 [194 P.2d 713]; *Estate of Kennedy*, 157 Cal. 517, 522 [108 P. 280, 29 L.R.A. N.S. 428].)

As regards the application of section 661 to the facts in the instant case, appellant's showing at the trial level appears to be in full compliance with the provisions of this section. It was established that neither appellant nor decedent had selected or designated a homestead during the latter's lifetime and that appellant was the surviving spouse of decedent.[4]

Respondents, while apparently admitting that the facts of the instant case meet the requirements for the setting aside

---

[3]Unless otherwise indicated, all statutory references are to the Probate Code.

[4]The right to a probate homestead under § 661 has been held to inure to the surviving spouse alone where there are no minor children. (*In re Armstrong*, 80 Cal. 71, 72-73 [22 P. 79]; see also *Estate of Claussenius*, 96 Cal.App.2d 600, 611-612 [216 P.2d 485]; *Estate of Cesare*, 130 Cal. App.2d 557, 569 [279 P.2d 607].)

of a homestead under section 661, contend that the right to a probate homestead may be waived or lost by the acts and conduct of the applicant and that appellant, by joining with his wife in the transfer of their joint tenancy property into tenancy in common in order to provide an estate for his wife to bequeath, has waived his right to a probate homestead.[5]

That the right to a probate homestead may be waived by agreement or conduct is a settled principle of law. (See *Estate of Brooks*, 28 Cal.2d 748, 750 [171 P.2d 724]; *Soares* v. *Steidtmann*, 130 Cal.App.2d 401, 403 [278 P.2d 953].) In the present case, although the record does not affirmatively show that the basis of the trial court's determination was waiver on the part of appellant of the right to a probate homestead (since the trial court merely found the facts hereinbefore narrated and concluded therefrom that appellant was not entitled to a probate homestead), a finding of waiver results by implication from the express findings which were made. (*Auer* v. *Frank*, 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684]; *Ruppert* v. *Jackson*, 212 Cal.App.2d 678, 682-683 [28 Cal. Rptr. 467].)[6]

Our review of the California cases in which the doctrine of waiver has been applied to defeat an applicant's right to a probate homestead leads us to the conclusion that this principle is inapplicable to the facts in the instant case. ▇ Beginning our treatment of the issue before us with a general discussion of the concept of waiver, we note that the requirements for finding an effective waiver are as follows: There must be an existing right, a knowledge—actual or constructive—of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce it as to induce a reasonable belief that the right has been relinquished. (*Hopson* v. *National Union etc. Cooks & Stewards*, 116 Cal.App.2d 320, 324 [253 P.2d 733]; *Bettelheim* v. *Hagstrom Food Stores, Inc.*, 113 Cal.App.2d 873, 878 [249 P.2d 301]; *Zoeller* v. *Schneider*, 141 Cal.App.2d 684, 687 [297 P.2d 40]; *Newman* v. *Albert*, 170 Cal.App.2d 678, 685 [339 P.2d 588].) ▇ Accordingly, it is well settled that where acts are relied on to establish abandonment or waiver of a legal right there must be either clear, unequivocal, and deci-

---

[5] Counsel for respondents conceded, at oral argument, that the theory of respondents' case was predicated upon waiver.

[6] The record does not show that specific findings were requested pursuant to Code Civ. Proc. § 634. Accordingly, the doctrine of "implied" or "inferred" findings is applicable. (See *Auer* v. *Frank*, 227 Cal. App.2d 396, 406 [38 Cal.Rptr. 684].)

sive acts of the party showing such purpose or acts amounting to an estoppel on his part. (*Hopson* v. *National Union etc. Cooks & Stewards, supra,* p. 325; *Jones* v. *Sunset Oil Co.,* 118 Cal.App.2d 668, 673 [258 P.2d 510]; *Newman* v. *Albert, supra,* p. 685.)

As already pointed out, an applicant for a probate homestead may waive his right thereto by an agreement to that effect, or he may lose that right by his conduct. (*Estate of Brooks, supra,* p. 750.) Although waiver of a probate homestead by agreement may take the form of a writing such as an attachment to the will of the deceased spouse (*Estate of Wyss,* 112 Cal.App. 487, 494-497 [297 P. 100]), a separation agreement (*Estate of Yoell,* 164 Cal. 540, 550-554 [129 P. 999]), or a prenuptial agreement (*Estate of Howe,* 81 Cal. App.2d 95, 98-99 [183 P.2d 329]), the courts which have been confronted with such agreements have subjected them to an extremely strict construction in order to preserve the surviving spouse's right to a probate homestead by adhering to the rule that such right should not be held to have been surrendered by an agreement of the spouses except by clear and explicit language (*Estate of Claussenius,* 96 Cal.App.2d 600, 613 [216 P.2d 485]; *Warner* v. *Warner,* 144 Cal. 615, 618 [78 P. 24]). This principle has been applied in numerous cases involving family allowance. (See *Estate of Whitney,* 171 Cal. 750, 756 [154 P. 855]; *Estate of Bidigare,* 215 Cal. 28, 30 [8 P.2d 123]; *Estate of Myers,* 115 Cal.App. 443, 446 [1 P.2d 1013]; *Estate of Shapero,* 39 Cal.App.2d 144, 146 [102 P.2d 569]; *Estate of McCoy,* 51 Cal.App.2d 483, 485 [125 P.2d 71]; *Estate of Schwartz,* 79 Cal.App.2d 308, 309 [179 P.2d 868]; *Estate of Brisacher,* 172 Cal.App.2d 392, 396 [342 P.2d 384].) In *Brooks,* the Supreme Court, speaking of the respective rights to family allowance and to a probate homestead, stated that "cases construing one are cited authoritatively in cases construing the other." (P. 750.)

In the instant case it is apparent that we are not involved with a waiver by agreement since there is no evidence of any such agreement. As to whether appellant's conduct can be held to constitute a waiver, we note, from a review of the cases decided in this state where the right to family allowance or a probate homestead has been held to have been lost by conduct, that such conduct may occur either before or subsequent to the decedent's death. The cases where the conduct took place prior to the decedent's death are all cases in which the surviving widow by her conduct lost the right to be sup-

ported by her husband during his life. (Interlocutory decree of divorce failing to provide for support: see *Estate of Brooks, supra*; abandonment of husband: see *Estate of Miller*, 158 Cal. 420, 423-424 [111 P. 255]; *Estate of Bose*, 158 Cal. 428, 429 [111 P. 258]; *Estate of Fulton*, 15 Cal.App.2d 202, 204, 211 [59 P.2d 508].) Those dealing with conduct occurring after the decedent's death are *Estate of Hawkins*, 141 Cal.App.2d 391 [296 P.2d 873], and *Soares* v. *Steidtmann, supra*, 130 Cal. App.2d 401.

In *Hawkins*, relied upon by respondents, it was held that a surviving husband lost his right to claim a probate homestead where, after securing an order for family allowance but before filing his petition for a probate homestead, he knowingly allowed the sole piece of property in his wife's estate to be sold, accepted family allowance money which had come from the sale of this property, and allowed the buyer of the property to expend large sums in reliance on the court's order confirming the sale. Concluded the appellate court, "Under the circumstances shown by the record it must be held that the respondent lost his right to claim probate homestead by his acts and conduct, including his implied consent to the sale of the property." (P. 398; citing *Brooks* and *Soares*.) In *Soares*, a surviving widow who was entitled to have a small estate (at that time not exceeding $2,500) set aside to her under section 645 conveyed by quitclaim deed, after such right had accrued to her by her husband's death, all her interest in property she inherited. Some years later she conveyed the property to another by grant deed, seeking to make the second deed effective by applying to have the estate set aside to her under the foregoing section. Taking cognizance of the fact that the rights of a widow to have a small estate set aside to her under section 645, to family allowance under section 680 and to a probate homestead may all be waived by conduct, the appellate court held that under the circumstances of the case there was a waiver as a matter of law.

It is apparent from a perusal of these cases dealing with waiver by conduct that the conduct in each instance was repugnant to the claimed right of a probate homestead. In those cases where the conduct occurred prior to the decedent's death the conduct was inconsistent with the right of support and the dominant purpose of section 661 which is to provide the surviving spouse with a home. In those cases in which the conduct occurred subsequent to the decedent's death the acts were not only inconsistent with the claim of

right to a probate homestead but were also violative of the intervening rights of third persons. Suffice it to say, in each instance the acts relied upon to establish waiver were unequivocal and decisive, clearly showing an intent to waive or abandon the right to a probate homestead.

In the present case the record is barren of evidence to the effect that appellant performed any acts subsequent to the death of his wife which were inconsistent with his claim of a probate homestead, nor does it appear that any third person has been harmed by acts of appellant subsequent to decedent's death in relation to the subject property. Insofar as appellant's conduct prior to decedent's death is concerned, consisting of his participation in the conversion of the joint tenancy property to a tenancy in common, this conduct cannot be held to be a relinquishment of his statutory right to a probate homestead since it was not clearly and unequivocally indicative of an intention to relinquish such right. In the light of the manifest judicial and legislative attitude in favor of setting aside a probate homestead for the family of a decedent and the consequent reluctance of the courts to find a waiver, even when the alleged waiver is contained in a written instrument, appellant's conduct in the present case cannot be construed as a waiver of his statutory right to such homestead.

We are of the opinion, moreover, that appellant's conduct in converting the subject property into a tenancy in common and acquiescing in the execution of a will by his wife containing bequests which could only be satisfied out of the subject property does not amount to an estoppel. We are led to this conclusion by the fact that no one was injured in reliance on appellant's conduct. Although appellant's successful assertion of his right to a probate homestead has the effect of nullifying or impairing the taking of the bequests under the will, such frustration results not because appellant's conduct caused decedent to believe that her husband would not claim a probate homestead upon her death, but because, upon his wife's death, appellant claimed his statutory right to a homestead.

Since the trial court concluded that appellant was not entitled to a probate homestead, it was not called upon to determine whether the subject property was community, quasi-community or separate property. In view of the conclusion reached by us that appellant is entitled to a homestead it will be incumbent upon the court below to make such determina-

tion in order to designate the period for which the homestead shall be assignable.[7]

The judgment is reversed with directions to the trial court to set apart to appellant a homestead in the subject property commensurate with the provisions of section 661.

Sullivan, P. J., and Sims, J., concurred.

---

[7]Section 661 provides in pertinent part that the homestead shall be set apart ''out of the community property or quasi-community property or out of real property owned in common by the decedent and the person or persons entitled to have the homestead set apart, or if there be no community property or quasi-community property and no such property owned in common, then out of the separate property of the decedent.   If the property set apart is the separate property of the decedent, the court can set it apart only for a limited period, to be designated in the order, and in no case beyond the lifetime of the surviving spouse, or, as to a child, beyond its minority; and, subject to such homestead right, the property remains subject to administration.   For the purposes of this section, the terms 'quasi-community property' and 'separate property' have the meanings given those terms in Section 1237.5 of the Civil Code.''